Aron Steuer, J.
This is an application pursuant to article 78 of the Civil Practice Act to direct the District Attorney and the police commissioner to return certain chattels to the petitioners. The chattels in question were seized by the police in the course of an arrest of petitioner. It is claimed by the petitioner that the criminal charge and the arrest are without foundation and are a part of the maneuvers in a struggle between the party in power and the revolutionary party in the Dominican Republic.
Whether or not this is so and whether or not the prosecution is baseless and the officials who are respondents on this application are being made tools in a ruthless conspiracy is not in point on this application, and, having no effect on the questions presented, no reference to the facts alleged in support of such contention is being considered or referred .to. They may be germane to the prosecution itself and if .so will, be determined there without prejudgment here. The questions that are raised are basic in nature and of. great significance and the bizarre *377 character of the background as claimed can be of little assistance in their resolution.
•The essential facts are fortunately not in dispute. One Manuel Veras, or a person so styling himself, made a complaint to the police that petitioner had given him dental treatment in the course of which he had- been injured. Thereafter three police officers appeared at petitioner’s apartment, arrested him and over his protest searched the apartment and seized the chattels in question • consisting of dental instruments, notebooks and a syringe with a hypodermic needle. Concededly the arresting officers did not see any crime being committed by petitioner, they had no warrant for either arrest or search and they did not find the articles on his person." The crimes with which he is charged (illegal practice of dentistry and illegal possession of a hypodermic syringe) are misdemeanors.
With these facts conceded it needs no argument and no citation of authority to establish that the seizures were illegal. In fact the District Attorney does not dispute this inevitable conclusion. It is the consequences that are to flow that are the subject of controversy.
It has long been the law of this State the manner in which an exhibit is obtained by the prosecuting authorities does not affect its admissibility (People v. Adams, 176 N. Y. 351). From this premise the District Attorney concludes that he has a right to retain the prospective exhibits for use at the trial. In 1923 that exact proposition was questioned by our highest court and it declared that it may still be an open question (People v. Chiagles, 237 N. Y. 193, 198). . Since then that court has not had occasion to consider the precise question. There have been several decisions on the point in courts of original jurisdiction with results not entirely uniform. Without dissecting each of these determinations it should be mentioned that several seem to confuse the question at issue with whether the evidence so obtained should be suppressed. As to .the latter, no request for such relief is in the papers but some discussion on it is in order to clarify the question that is raised. Any law or rule which required the prosecutor to forget or ignore information which came to bim through unconstitutional means would not only be impractical but quixotically chivalrous. The fact that the existence of evidence was improperly discovered should and does not prevent proper means of procuring its presence in court. A different conclusion would be reached in a jurisdiction where evidence improperly obtained is not admissible. There the fruits of improper seizure or invasion of privacy acquire a taint that is ineradicable.
*378 Here the property has been unlawfully taken and it is elementary that barring some defect it must be returned. There ( is nothing in our public policy that excuses its retention. On the other hand it is still admissible evidence and nothing prevents the prosecutor from taking rightful steps to secure its presence in court. It may be argued that in many cases, especially these involving documents, return would be the equivalent of suppression because the recipient would forthwith destroy the papers. To that the time-tried formula that the issue will be met when raised is better than a judicial panacea. One is encouraged in this conservatism by the realization that the solutions offered in this situation by the most learned among us have not been notably effectual.
Lastly on behalf of the police commissioner an argument has been offered so perfect in its logic that like a serpent with its tail in its mouth it ends by swallowing itself. The syllogism goes as follows: 1. The property clerk of the police department is the custodian of all property coming into the hands of the department. 2. The proper method of asserting a claim to possession of such property is by replevin against the property clerk. 3. In such an action it is a complete defense that the property is being held as evidence for a criminal prosecution — all with the proper statutory references.
The motion is granted to the extent that the property set out in the petition is directed to be returned to the petitioner upon presentation of the order herein.