Abraham J. Gellinoff, J.
By this article 78 proceeding, petitioner requests that a City Magistrate be ordered to sign an order directing the property clerk of the New York City Police Department to return to petitioner certain property. The property consists of $2,606 in United States currency which was unlawfully seized from petitioner’s person by a police officer during a gambling arrest.
Petitioner invokes the recently enacted section 813-c of the Code of Criminal Procedure (L. 1962, ch. 954, § 1) which provides that “ A person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the property * * * may be used against him in a criminal proceeding, may move for the return of such property or for the suppression of its use as evidence.” That section further provides that if the motion is granted, “ the property shall be restored unless otherwise subject to lawful detention”.
In the case at bar, Hon. Nicholas F1. Delagi, a former City Magistrate, granted the motion to suppress after a hearing. Thereafter, on trial, the case against petitioner was dismissed on the ground that the People had failed to make out a prima facie case. Thereupon the District Attorney of Bronx County issued a so-called release of the property, addressed to the police property clerk, stating in substance that he had no further need of the property (the money) taken from petitioner, and that “ no objection is made to its delivery to any person who proves to *388 your [the property clerk’s] satisfaction his right to possession.” Subsequently, petitioner moved before respondent, the City Magistrate who had granted the motion to suppress, for an order directing the property clerk to turn over the money to petitioner. The learned Magistrate declined to issue such an order, stating that ‘ ‘ in the opinion of the court the court cannot properly direct money to be turned over to this particular defendant, since the court is not convinced as to the proper and legal owner of this property and for various other reasons ’ ’.
Section 813-e provides that, if the motion to suppress is granted, “ the property shall be restored unless otherwise subject to lawful detention ” (Code Crim. Pro., § 813-e). The statute does not empower the Magistrate himself to restore the property, nor does it mandate him to direct its restoration by anyone else. It simply declares the obligation of the one possessing the property— in this case the property clerk — to restore it to the person from whom it was unlawfully seized “ unless otherwise subject to lawful detention ”.
The onus is therefore on the property clerk to ascertain whether or not the property is “ subject to lawful detention ”. The release by the District Attorney is not determinative; all it certifies is that he “ has no further need of the property ”, and that he has no objection to its delivery to one who proves to the “satisfaction” of the property clerk his right to possession. That the property was taken from petitioner is no proof of his right to its possession; there may be others who claim title.
Under certain circumstances a City Magistrate, after a hearing held for that purpose, has the permissive power to sign an order directing the return of property to its rightful owner, but where he declines to issue such an order he may not be compelled to do so (cf. Administrative Code of City of New York, § 435-4.0, subd. c). Nothing in section 813-c of the Code of Criminal Procedure, as has already been pointed out, provides to the contrary.
The established remedy for the recovery of property taken by the police and held by the property clerk is a replevin action (Hoffman v. Simmons, 290 N. Y. 449; Costello v. Simmons, 295 N. Y. 801) or, where the property clerk acts arbitrarily, capriciously, or without good faith, by an article 78 proceeding directed, not against the court, but against the property clerk, to compel restoration of the property (Matter of Silfa v. Kennedy, 5 Misc 2d 375, affd. 3 A D 2d 818, affd. 3 N Y 2d 734; Matter of Marshall v. Kennedy, 17 Misc 2d 985).
The petition is dismissed, without prejudice to any other action or proceeding petitioner may be advised.