■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT JOHN LYND, Appellant.— Order unanimously affirmed. (Appeal from order of Monroe County Court, denying, without a hearing, defendant's motion to vacate a judgment of conviction entered October 20, 1955.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAT LANZONE, Appellant.— Order unanimously affirmed. (Appeal from order of Monroe County Court denying, without a hearing, a motion to vacate a judgment of conviction for a violation of subdivision 3 of section 1751 of the Penal Law [possession of narcotics] rendered April 9, 1959.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. PARKER, Appellant.— Order unanimously affirmed. (Appeal from order of Lewis County Court denying, without a hearing, a motion to vacate a judgment of conviction for assault, second degree, with the intent to commit sodomy entered October 20, 1960.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD JOHN SIMARI, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for further proceedings in accordance with the memorandum. Memorandum: Petitioner-appellant seeks to recover a portion of moneys seized by the police at the time of his arrest. When arrested appellant had in his possession a money bag containing a quantity of money which it was charged he had robbed from a tavern owned by one Bernard M. Glichowski. He also had upon his person $866.75 also claimed to have been stolen from Glichowski. Prior to appellant's motion Glichowski had applied to County Court for an order directing the return of all the money totalling $1,602. Notice of this motion was given to the District Attorney and by an order dated November 12, 1959, which recites that the District Attorney appeared "not objecting thereto", the money was ordered paid over to Glichowski. The papers in the Glichowski motion do not recite any notice to the appellant and a supplementary affidavit of the District Attorney clearly indicates that no notice was in fact given to the appellant and he was not represented upon the motion. About two years after the entry of the above order appellant moved to recover the $866.75 taken from him on the night of his arrest and requested assignment of counsel. It is from the denial of this motion that defendant appeals. Notwithstanding appellant's conviction for the robbery and larceny as charged, the question of title to the money claimed by him should not have been determined without an opportunity for appellant to produce such evidence as he may have to support his claim. A hearing should be had at which appellant should be represented by assigned counsel. (Appeal from order of Erie County Court denying petitioner-appellant's motion to recover moneys seized by the police at time of defendant's arrest.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ALBERT BERRY, Appellant.— Order unanimously affirmed. (Appeal from order of Onondaga County Court denying, without a hearing, a motion to vacate a judgment of conviction for burglary, third degree, entered February 27, 1962, being a resentence under a judgment of conviction previously entered on April 14, 1955.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.