David T. Gibbons, J.
By Indictment No. 29152, handed up by the Grand Jury of Nassau County on April 14,1970, the defendant was charged with the commission of the crimes of burglary third degree, and petit larceny.
The crimes set forth in this indictment are alleged to have been committed on March 6, 1970.
As a result of the instant indictment, the defendant was arrested as he was entering his home on June 17,1970. A search of the defendant by the police disclosed that he was carrying upon his person the sum of $300 in United States currency. He told the police that this money represented a part of his winnings from gambling on the numbers on June 7, 1970. When Detective Gorman of the Nassau County Police Department took this money from the defendant, he delivered to the latter, a receipt in writing, upon which was stated the above-mentioned source of these funds.
By notice of motion to the District Attorney and the County Attorney, the defendant, by his appointed counsel, moves in this prosecution, ‘ ‘ for an order directing the Commissioner of *1014 Police of Nassau. County, or his properly authorized agent, and/or employee to turn over the sum of Three Hundred and no/100 ($300.00) Dollars upon the defendant or his attorney.”
Upon the argument of this motion, it was conceded by the County Attorney who opposed the motion, that said sum of $300 was in no way connected with the crimes which are the subject matter of this indictment.
This application was opposed upon the ground that the instant summary application is not the proper remedy to recover the said currency. In support of this contention, the County Attorney relied upon the rulings in Hofferman v. Simmons, 290 N. Y. 449; Kamienska v. County of Westchester, 39 Misc 2d 750 and Matter of Petz v. Property Clerk of 68th Squad, 149 N. Y. S. 2d 179.
After examining into the question of the legal remedies available to an aggrieved person under the circumstances prevailing herein, it is the determination of this court that a summary turnover motion as here attempted, against the Commissioner of Police, is not the proper remedy by which to recover money or property taken by law enforcement authorities in the course of the performance of their duties.
With the advent of Mapp v. Ohio (367 U. S. 643), in which the Fourth Amendment of the United States Constitution was construed to apply to the State courts, this principle of law was recognized by the New York Court of Appeals in People v. Loria (10 N Y 2d 368) and as a statutory implementation, section 813-c of the Code of Criminal Procedure was enacted (L. 1962, ch. 954, § 1) to govern the procedure in the ensuing search and seizure proceedings.
Insofar as relevant to the question presented by this motion, said statute provides: “ If the motion is granted, the property shall be restored unless otherwise subject to laivful detention, and in any event it shall not be admissible in evidence in any criminal proceeding against the moving party.” (Emphasis added.)
When it was first tested as an instrument to effect a return of property to a defendant who was successful in suppressing the same from evidence because of an illegal search and seizure, it was found to be somewhat deficient in its ability to produce such result.
In Matter of Pinta v. Delagi (36 Misc 2d 386), a defendant, who had obtained an order suppressing money under the statute and against whom the prosecution had failed, applied to the Magistrate for an order directing the Police Property Clerk to return the money to him.
*1015 When the Magistrate declined to make such order, the defendant instituted a certiorari proceeding to compel him to do so, under article 78 of the former Civil Practice Act.
The petition was dismissed upon the ground that such remedy will not lie against the Magistrate because in no event, could such order effect a return of the petitioner’s property. Belief must be sought against the Police Property Clerk.
In denying the application, Mr. Justice Gellinoff (supra, p. 388 described the limited legal effect of the order under section 813-c of the Code of Criminal Procedure and the residual unresolved questions, as follows: ‘ ‘ Section 813-c provides that, if the motion to suppress is granted, ‘ the property shall be restored unless otherwise subject to lawful detention ’ Code Grim. Pro., § 813-c). The statute does not empower the Magistrate himself to restore the property, nor does it mandate him to direct its restoration by anyone else. It simply declares the obligation of the one possessing the property — in this case the property clerk — to restore it to the person from whom it was unlawfully seized ‘ unless otherwise subject to lawful detention ’.
“ The onus is therefore on the property clerk to ascertain whether or not the property is ‘ subject to lawful detention ’. * * * That the property was taken from petitioner is no proof of his right to its possession; there may be others who claim title.”
The learned Justice, after concluding that section 813-c of the Code of Criminal Procedure did not provide a turnover remedy (supra, p. 388) held that: “ The established remedy for the recovery of property taken by the police and held by the property clerk is a replevin action. (Hofferman v. Simmons, 290 N. Y. 449; Costello v. Simmons, 295 N. Y. 801) or, where the property clerk acts arbitrarily, capriciously, or without good faith, by an article 78 proceeding directed, not against the court, but against the property cleric, to compel restoration of the property (Matter of Silfa v. Kennedy, 5 Misc 2d 375, affd. 3 A D 2d 818, affd. 3 N Y 2d 734; Matter of Marshall v. Kennedy, 17 Misc 2d 985).” (Emphasis added.)
In People v. Skipwith (22 A D 2d 960 [2d Dept., 1964]) the court held, (1) that an order under section 813-c of the Code of Criminal Procedure could not bring about the return of property from the Police Property Clerk, and relegated the defendant to “ any appropriate plenary action or proceeding which defendant may be advised to institute for the purpose of obtaining restitution of the said money ”, and (2) that an order under section 813-c of the Code of Criminal Procedure cannot be made after final judgment.
*1016 Final judgment of conviction having been entered herein on October 29,1970, therefore now precludes the making of an order under section 813-c.
Essentially, section 813-c of the Code of Criminal Procedure does not currently provide an effective remedy for the return of personal property taken by law enforcement officers by unreasonable search and seizure, nor is such an order necessarily a precondition for a plenary action or proceeding, brought to obtain such return. (People v. Skipwith, supra.)
Absent a voluntary return of the suppressed personal property, the existing remedial alternatives are, therefore, the following: (1) If the Police Property Clerk, claiming some rational basis therefor, refuses after demand, to return the property, a replevin action may be instituted against him for the recovery of the same; or (2) if he capriciously and arbitrarily refuses to return the personal property after demand, a proceeding under article 78 of the CPLR may be commenced to achieve the same recovery.
For a learned commentary on the limitations inherent in section 813-c et seq. of the Code of Criminal Procedure as a remedy afforded to those claiming the improper detention of their property by law enforcement authorities, see decision by Judge Henry J. Friendly of the United States Court of Appeals, Second Circuit in Potwora v. Dillon (386 F. 2d 74, 78).
Until the scope of section 813-c of the Code of Criminal Procedure et seq. is broadened to give the court power to judicially determine the issues of law and fact above mentioned, the court must deny the defendant’s motion and let him seek his remedy elsewhere.
Accordingly, the defendant’s motion is denied in all respects without prejudice to apply for such other remedies as he may be advised to pursue.