Rockwell D. Colaneri, J.
This is an application by a nonprofit fraternal organization for the return of certain moneys seized in a police search.
On February 17, 1970 a search warrant was obtained from a Judge of this court to search the premises known as No. 1 Fort Salonga Road, East Northport, New York for ‘‘ bookmaking records, writings, papers and other gambling paraphernalia tending to prove the commission of the crime of promoting gambling in violation of Section 225.05 and possession of gambling records in violation of Section 225.15.1 of the Penal Law of the State of New York ”.
The police officers executed the search warrant early the following morning and arrested eight persons who were charged with possession of gambling records in the second degree contrary to subdivision 1 of section 225.15 of the Penal Law.
It developed that the premises searched were also occupied by a fraternal organization known as the Fraternal Order of Eagles, Area No. 1815.
The police officers seized certain gambling paraphernalia, an adding machine, certain moneys from the eight persons, and the police officers also went behind a bar which was located in the establishment and seized the sum of $280 or $340 which was located in a drawer behind the bar. The court is not quite clear as to whether the amount is $280 or $340, but the petitioner’s attorney conceded that whatever amount is designated on the *990 Police Property Clerk’s inventory would be satisfactory with the petitioner.
There was a great deal of litigation concerning the eight defendants including writs of coram nobis which were granted and ultimately on August 13, 1970 the defendants, Zanfino and Caronetti, pleaded guilty to the charge and were sentenced. The informations against the remaining six defendants were dismissed on August 13,1970 (except for defendant, Carboneri, and the information was dismissed against said defendant on September 8,1970).
After the adjudication, any money or property taken from the six defendants, whose informations were dismissed, were returned to them by the Police Property Clerk, and it has come to the attention of the court that the adding machine seized was also returned to the Fraternal Order of Eagles.
The question now before the court is what to do with the $280 (or $3.40) which was seized by the police from behind the bar. All of the eight defendants, also everyone connected with the Fraternal Order of Eagles, concede that the money was being collected for a charity of the Fraternal Order of Eagles, namely: The Eagles Jimmy Durante Children’s Fund of Hoosier Falls, New York. There is now an application before this court submitted by the attorney for the eight former defendants, for an order directing the Police Property Clerk to turn over the fund to either the Fraternal Order of Eagles or to the Eagles Jimmy Durante Children’s Fund. The court is not quite clear as to the exact identity of the petitioner in this proceeding, but will consider the Fraternal Order of Eagles No. 1815 as the petitioner.
The application is made pursuant to the provisions of section 804 of the Code of Criminal Procedure which provides as follows: ‘ ‘ When the property is delivered to the judge, justice or magistrate, he must, if it was stolen or embezzled, dispose of it as provided in sections six hundred eighty-seven to six hundred eighty-nine, both inclusive. If it were taken on a warrant issued on the grounds stated in the second, third and fourth subdivisions of section seven hundred ninety-two, he must retain it in his possession or direct that the property be held in the custody of the officer or agency or department that executed the warrant, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense, in respect to which the property was taken, is triable.”
*991 The only opposition to the application comes from the District Attorney’s office, and the only basis of the opposition is that the applicant should have commenced a replevin action or an article 78 proceeding against the Police Property Clerk to ‘ ‘ compel restoration of the property. ’ ’
After a careful reading of section 804 this court is certain that it has power and jurisdiction to grant the petition. The property was seized pursuant to a lawful search warrant issued on the grounds stated in subdivision 4 of section 792 of the Code of Criminal Procedure. The money seized was directed by a Judge of this court to be held in custody by the Police Property Clerk which was done. The holding of the money is “ subject to the order of the court ”. This court interprets this clause to mean that this court can order the ultimate disposition of the subject money which it will do herein.
It is interesting to note that the citation offered in the Peoples’ opposing affirmation (Matter of Pinta v. Delagi, 36 Misc 2d 386) as well as other cases dealing with the return of property by the court (People v. Spencer, 64 Misc 2d 1013) applies in instances where a motion to suppress the evidence was granted after a hearing. Section 813-c of the Code of Criminal Procedure governed the disposition of the property.
In the instant case, there was no motion to suppress, and, as a matter of fact, the money was not involved in any crime, but was just there and was swept up in the search. This bolsters the right of this court to dispose of the money pursuant to the provisions of section 804.
One question that must also be answered is the question of who has title to the money. Everyone who has anything to do with subject money concedes that it was in the drawer behind the bar for the order’s favorite charity, and that moneys were being continually collected for the said Eagles Jimmy Durante Children’s Fund. The court finds that the subject money belongs to the Eagles Jimmy Durante Children’s Fund, Hoosier Falls, New York, and the court directs that the Police Property Clerk turn the fund over to the attorney who presented this petition, James W. Weber, Esq., and said attorney is further directed to forward the said fund to Eagles Jimmy Durante Children’s Fund, Hoosier Falls, New York and to file an affirmation with this court, after this has been accomplished.