■ In the Matter of JOAN ANNEXSTEIN, Respondent, v. NORMAN ANNEXSTEIN, Appellant.— In a support proceeding, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Queens County, dated January 15, 1974, as directed appellant to submit to a pretrial examination and adjudged appellant in contempt of court. Order affirmed insofar as appealed from, without costs. Respondent's attorney may make application to the Family Court for an award of counsel fees, if so advised. The examination before trial of appellant shall proceed at the place directed in the order under review at a time to be specified in a written notice of not less than 10 days, to be given by respondent, or at such other time and place as may be agreed by the parties. Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ In the Matter of JOHN M. CAGGIANO, Respondent, v. LOUIS FRANK, as Police Commissioner of the County of Nassau, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel the return of a certain amount of money ($660), the appeal is from a judgment of the Supreme Court, Nassau County, entered April 13, 1973, which *inter alia* granted the application. Judgment affirmed, with costs. Even assuming that petitioner's money was legally seized by the police upon his arrest, the subsequent dismissal of the criminal charges raised a duty upon the authorities to return the money upon petitioner's demand. An arbitrary and capricious refusal to return the money upon due demand may properly be reviewed in an article 78 proceeding in the nature of mandamus (cf. *McClendon* v. *Rossetti*, 460 F. 2d 111). Martuscello, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur. [78 Misc 2d 187.]

■ In the Matter of HAROLD M. GOLDMAN, Petitioner, v. BOARD OF EDUCATION OF THE EAST MEADOW UNION FREE SCHOOL DISTRICT, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination which, after a hearing, found petitioner guilty of " immoral conduct and conduct unbecoming a teacher" and dismissed him as a teacher. Petition granted to the extent that the determination is modified, on the law, by reducing the penalty from dismissal to a 30-day suspension. As so modified, determination confirmed, without costs. The penalty was excessive and an abuse of discretion to the extent indicated herein. Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.

■ In the Matter of the Estate of MICHAEL J. HEANEY, Deceased. ROBERT W. TAYLOR, Appellant; MICHAEL J. HEANEY, JR., et al., Respondents.— In a probate proceeding, the proponent appeals from an order-decree of the Surrogate's Court, Nassau County, dated October 16, 1973, which (1) granted a motion by objectants Heaney and Driscoll for summary judgment, in which the remaining objectant, Markey, joined; (2) dismissed the petition; and (3) revoked the preliminary letters testamentary which had been issued to the proponent. Order-decree affirmed, with one bill of $20 costs and disbursements jointly to respondents appearing separately and filing separate briefs, payable out of the estate. No opinion. Martuscello, Acting P. J., Christ, Brennan and Munder, JJ., concur. Benjamin, J., dissents and votes to reverse and to deny the motion with the following memorandum: Under the circumstances of this case, I think the motion should have been denied. [75 Misc 2d 732.]