OPINION OF THE COURT
Jerome M. Kay, J.
Vincent Salzone, petitioner herein, was arrested on September 30, 1978 and charged with the offenses of promoting gambling (Penal Law, § 225.05), possession of policy slips (Penal Law, § 225.15) and operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 1192).
At the time of his arrest, petitioner was in possession of a sum of money totaling approximately $2,103.70. The arresting officer, James Bruno, after taking said funds into his possession, turned them over to the possession and control of the police department property clerk, as authorized by (subdivision b of section 435-4.0 of the Administrative Code of the City of New York). A voucher from the police department property *132 clerk was issued to the petitioner for the amount retained by them, which totaled approximately $2,053.62. On October 1, 1978 the petitioner was arraigned and released on his own recognizance.
On October 31, 1978 the petitioner, Vincent Salzone, pleaded guilty to the violation of impaired operation of a motor vehicle under subdivision 1 of section 1192 of the Vehicle and Traffic Law. He was sentenced to pay a fine of $150, which he did so pay and the gambling charges under sections 225.05 and 225.15 of the Penal Law were dismissed.
Vincent Salzone, after pleading guilty, being sentenced, paying his fine, having the gambling charges dismissed, and being refused his request by the property clerk to return his funds held on the gambling charges that were dismissed, now comes before the Criminal Court of the City of New York and requests, by his attorney, an order compelling the property clerk of the Police Department of the City of New York to return to him the sum of $2,053.62, taken from him on his arrest and held by voucher on the gambling charges that were dismissed.
The initial issue this court must address is whether or not the Criminal Court of the City of New York has jurisdiction to grant an order requiring the return of these funds taken from Vincent Salzone and currently held by the property clerk of the police department.
The Legislature has been vested with the power to establish in and for the City of New York, a single city-wide court of civil jurisdiction and a single city-wide court of criminal jurisdiction. (NY Const, art VI, § 1.) The State Constitution specifically sets forth New York City Criminal Court’s jurisdiction as follows: "The court of city-wide criminal jurisdiction of the city of New York shall have jurisdiction over crimes and other violations of law, other than those prosecuted by indictment, provided, however, that the legislature may grant to said court jurisdiction over misdeameanors prosecuted by indictment; and over such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law.” (NY Const, art VI, § 15, subd c; see, also, NY City Grim Ct Act, § 31; CPL 10.30.)
The New York City Criminal Court exists only in New York City and has only criminal jurisdiction over misdemeanors and lesser offenses; as distinguished from the New York City Civil Court, which the State Constitution has vested with citywide jurisdiction for New York City (NY Const, art VI, § 15, *133 subd b). The New York City Criminal Court has no inherent equity power other than that which is specifically set forth in the Criminal Proceduré Law. Jurisdiction over replevin actions would be vested in the New York City Civil Court, not the criminal court.
Mr. Salzone, by his attorney, cites People v Hylton (55 AD2d 684) and Boyle v Kelley (53 AD2d 457), as the basis for his contention that this court has the jurisdictional power to order his funds returned to him. However, People v Hylton (supra) originated an order from the County Court, Nassau County, and Boyle v Kelley (supra) on an order of the Supreme Court, Suffolk County, both these courts, unlike the criminal court, have equity jurisdiction and would have the inherent equitable power to act in such matter. Moreover, People v Hylton (supra) is based on an order to return illegally seized property under CPL 710.70. Unlike Hylton, the funds in question before this court were not illegally seized, nor had petitioner made any assertion of such, or sought successfully in suppressing it. Therefore, Hylton as well as CPL 710.70 and its provisions are totally inapplicable to the order presently before this court.
In Boyle v Kelley (supra), the Appellate Division affirmed the decision of the Special Term granting summary judgment to the plaintiff citing CPL 710.70 and ordering the return of funds illegally seized and suppressed to the plaintiff. It should be noted that the order to return the funds was made by order of the Supreme Court which, unlike the criminal court, has equity jurisdiction.
Essentially, this court does not have the equity jurisdiction to order the police property clerk to return petitioner’s funds to him, absent the statutory provisions of the Criminal Procedure Law.
Under McCleandon v Rosetti (460 F2d 111) there is nothing to preclude the seizure and confiscation of contraband. Thus, if property is taken by the police and held by the property clerk, absent a voluntary return, petitioner’s remedial alternatives are a replevin action or after a demand, a proceeding under CPLR article 78. (Matter of Caggiano v Frank 44 AD2d 828; People v Spencer 64 Misc 2d 1013; Matter of Pinta v Delagi 36 Misc 2d 386.)
Accordingly, petitioner’s request for an order is denied, without prejudice to any other action, proceeding or remedy as he may be advised to pursue.