OPINION OF THE COURT
Seymour Rotker, J.
The criminal charges having been dismissed by this court, the defendant now moves for an order for the release of *976 property which constituted the subject matter of the criminal action.
THE FACTS
The defendant, a 52-year-old businessman, is the inventor of a mechanism known as the "spring whip”. The defendant has been awarded a United States patent for this device. On March 23, 1979, the defendant arrived at La Guardia Airport, Queens County, to begin a business trip. The defendant carried an attaché case containing six samples of the spring whip device. Each spring whip was individually sealed in a heavyweight, corrugated shipping package. Before boarding the plane, the defendant placed his attaché case on an electronic screening device which detected the presence of metal articles within. The attaché case was opened and the items, which the defendant now seeks to be returned to him, were recovered. The defendant was arrested and charged with violating section 265.01 of the Penal Law (criminal possession of a weapon in the fourth degree). The pertinent portion of the misdemeanor complaint read as follows: "did unlawfully possess dangerous weapons, to wit, six telescopic billies (bludgeons)”.
The defendant in that action moved to dismiss the misdemeanor complaint as being defective within the meaning of CPL 170.35. The court granted this motion in a decision dated August 18, 1979, holding in sum that the "spring whip” cannot be categorized as any of the weapons listed in section 265.01 of the Penal Law as that section now reads. (See People v Braunhut, 101 Misc 2d 684.) This decision was not appealed by the People. The records of the case were subsequently sealed by the court pursuant to CPL 160.50 and the defendant sought a property release from the District Attorney. On October 4, 1979, the District Attorney consented to the release of the attaché case, but not to the release of the six spring whip devices. The defendant, rather than pursuing the traditional civil remedy of a replevin action, has moved in this court for an order directing the return of the property. The People do not dispute that the defendant is the owner of the property. Nor is there any claim by the People that the property seized at the time of the defendant’s arrest is currently needed as evidence in the prosecution of this action. Rather, the People contend that the local criminal court, a court of limited jurisdiction, lacks the jurisdiction to order the release of the property. They argue that the more appropriate remedy is for *977 the defendant to sue in a replevin action. Alternatively, the People contend that even if this court possesses the jurisdiction to decide the instant motion, that the "spring whip” is a bludgeon within the meaning of section 265.01 of the Penal Law, and as such constitutes contraband that should not be released.
CONCLUSIONS OF LAW
At the outset, this court wishes to commend defense counsel for his excellent memorandum of law on the questions presented.
Turning to the issues at hand, the critical question is the power of this court to decide the instant motion. The People’s contention that a "spring whip” is a bludgeon, and therefore contraband is totally without merit. That issue has been previously decided by this court’s prior decision. Since the People chose not to appeal the decision, they are precluded from raising it now in this proceeding. The court’s prior determination has become the law of the case in this matter.
Whether this court possesses the requisite jurisdiction to determine this motion poses a novel question of law.
The substance of the People’s argument is that the local criminal court, pursuant to CPL 10.30 and section 31 of the New York City Criminal Court Act, is a court of limited jurisdiction; that since there is no specific statutory authority for the criminal court to order the release of the property that the criminal court lacks the jurisdiction to do so. Upon a close examination of CPL 10.30 and section 31 of the New York City Criminal Court Act, it becomes clear that these sections speak primarily in terms of the trial jurisdiction of the local criminal court over certain designated offenses. The underlying thrust of the People’s contention is, therefore, that although this court had trial jurisdiction over the original charge, once the charge was dismissed and no appeal taken, that this court lost jurisdiction over the matter, for all purposes, forever. It appears to this court that, in certain circumstances, a local criminal court retains limited jurisdiction over a case which was properly before it in the first instance even after the formal prosecution of that case has concluded, if speciñcally authorized to do so. One of the best examples of this "post prosecution” exercise of jurisdiction by the local criminal court is found in the court’s power to order records sealed pursuant to CPL 160.50 "[u]pon the termination of a *978 criminal action * * * in favor of [the accused]”. (Emphasis supplied.) Is there any specific authority for a local criminal court to order the release of property? Section 30 of the New York City Criminal Court Act provides that: "The judges of the court are magistrates and shall have and exercise all the jurisdiction and powers, not inconsistent with this act, which are conferred by law upon magistrates and police justices under the provisions of the code of criminal procedure and which were conferred by law upon city magistrates of the city of New York on the first day of April, nineteen hundred ten. Notwithstanding any provision of law, when sitting as magistrates, each of the judges of the court shall have jurisdiction throughout the city, and may perform any and all of the duties and functions of a magistrate in and for any one of the counties of the city.”
Subdivision c of section 435-4.0 of the Administrative Code of the City of New York provides that: "Whenever property or money taken from any person arrested shall be alleged to have been feloniously obtained, or to be the proceeds of crime, and brought, with all ascertained claimants thereof, and the person arrested, before a magistrate for adjudication, and the magistrate shall be satisfied from the evidence that the person arrested is innocent of the offense alleged, and that the property rightfully belongs to him, then such magistrate thereupon, in writing, may order such property or money to be returned, and the property clerk, if he have it, to deliver such property or money to the accused person himself, and not to any attorney, agent or clerk of such accused person.” In McClendon v Rosetti (40 F2d 111, 114) the court stated that, "As a matter of law, it is not disputed that the section of the. ordinance [§ 435-4.0(c)] giving a magistrate (now called a judge) authority to direct the return of the property is not a meaningful remedy, since almost no criminal court judge (or justice in the criminal term of the New York Supreme Court) will order such return.” (Emphasis supplied.) Neither the memorandum of law submitted by defense counsel, nor the court’s independent research indicate any other case that specifically addresses itself to the authority of the local criminal court to order the return of property where the prosecution in a local criminal court has been concluded. It is clear that the McClendon court read subdivision c of section 435-4.0 of the Administrative Code as giving the local criminal court the authority, albeit an infrequently used authority, to order *979 the return of property in an appropriate case. Under what circumstances may the local criminal court order the return of property pursuant to the provisions of the Administrative Code? This court suggests that the following factors should be examined in making the determination:
(1) Is the defendant innocent of the charges?
(2) Is it undisputed that the defendant is the rightful owner of the property in question?
(3) Is the property in question needed by the People as evidence in a criminal proceeding or investigation?
(4) Is the property the fruits of a crime or does it constitute contraband?
Applying the above factors to the instant case, this court concludes that an order releasing the property in question is appropriate. With respect to the first factor, the court, by its prior decision, found that this defendant had committed no crime within the meaning of section 265.01 of the Penal Law as it is currently written. As to the second factor, there is no question whatsoever that the defendant is the owner of the property in question. Had there been any such question, that issue would have to be resolved in a civil proceeding. The third factor contemplates a communication or direction from the District Attorney’s office to the property clerk indicating whether the property is needed any longer in the criminal prosecution. This "advisory capacity” of the District Attorney is most frequently exercised in the routine return of property to a complainant at the conclusion of a case. In the instant case, there is no claim by the People that the property is needed any longer in the prosecution of this case. There is no cogent reason to afford a complainant more privileges than a person who successfully defends himself against the charges, where the property sought to be returned does not constitute contraband or the fruits of a crime. Had the District Attorney, in good faith, instructed the police department that the property was still required as evidence then the claimant’s sole remedy to recover the property would be in a civil action. The fourth factor involves the relationship between the person claiming the property and the police department, where the property has been used in committing a crime, is the fruit of a crime or constitutes a designated type of contraband. (See Administrative Code, § 435-4.0, subd b.) It appears to this court that the determination of this question does not involve the District Attorney whatsoever. In this case, it was deter *980 mined by the court’s prior decision that the "spring whip” was not a weapon within the meaning of section 265.01 of the Penal Law. This decision was never appealed. The prior judicial determination on this issue now precludes the claim that the "spring whip” is a weapon, subject to forfeiture under the Administrative Code provision. Had there been a dismissal of the charges on other grounds in this court’s prior decision, the police department might have legitimate reasons for retaining custody of the property. As in the other factors, the defendant’s remedy would be to institute a civil proceeding to recover the items. (Cf. People v Salzone, 98 Misc 2d 131.)
In Salzone, the court held that the local criminal court was without the requisite equity jurisdiction to order the police property clerk to return the defendant’s funds. A close examination of Salzone seems to indicate that the property in question, a sum of United States currency, was being held by the police property clerk as the "fruits of a crime or contraband” pursuant to the authority of subdivision b of section 435-4.0 of the Administrative Code. This court agrees with the Salzone court to the extent that a local criminal court lacks the equity jurisdiction to order the release of property that is being held as contraband by the police property clerk. In the instant case, it has already been determined that the property does not constitute contraband.
This court holds that where a defendant is found innocent of the charges and his ownership of the property is undisputed that a criminal court may order the release of the property where there is no claim by the People that the property is further needed in the prosecution of the case or a claim by the police department that the property is "contraband”. In a case where ownership is disputed or proper objections to the release of property are raised by either the District Attorney or the police department, then the claimant’s remedy is to be found in civil court rather fhan the criminal court.
While this decision cannot be considered as binding on any other courts of collateral jurisdiction, this court hopes that it will be examined by fellow jurists especially in light of recent statements made concerning the backlog of cases in the civil terms of the courts. Traditionally, the criminal terms of the courts have denied a defendant’s motion for the release of property, without prejudice to sue in civil courts. In addition to contributing to the civil courts’ inordinately heavy calendars, this approach in many instances may have the practical *981 effect of preventing the recovery of lawful property by the rightful owner simply because the owner cannot afford the costs of a civil litigation. While the scales of justice should not be tipped by a cost analysis factor, the courts should not be unmindful of the practical effect of denying this type of remedy in the criminal courts. The local criminal court possesses the requisite jurisdiction to order the release of property in certain limited instances. It is the court most familiar with the facts of the case, and should not be reluctant to exercise its jurisdiction where appropriate.
While this court is satisfied that the local criminal court possesses the requisite jurisdiction to order the return of property under the Administrative Code, it is respectfully suggested that the Legislature clarify the nature and extent of this jurisdiction to facilitate its use. It is further hoped that the Legislature will see fit to expand the jurisdiction of the local criminal court to enable that court to decide the issue of rightful ownership of the property and whether or not the property is contraband or the fruits of a crime. This specific grant of authority in these areas where the court cannot order the release of property if a dispute exists would allow the court, most familiar with the facts, to resolve the issues itself with a minimum expenditure of judicial time. This limited extension of existing authority would obviate the need to sue in the civil courts as now required.
For the reasons stated above, the Property Clerk of the Police Department of the City of New York is ordered to deliver to the defendant the six spring whip devices which are currently in his possession.