OPINION OF THE COURT
Anthony F. Bonadio, J.
The respondent, adjudicated a juvenile delinquent and placed with the Division for Youth after pleading guilty to selling $5 worth of marihuana (Criminal Sale of Marihuana in the Fourth Degree [Penal Law, § 221.40], a class A misdemeanor), has moved this court for an order requiring the Rochester Police Department Property Clerk (see Charter of the City of Rochester, § 8A-13) to return to him the sum of $475,[1] taken from him at the time of his arrest.[2]
*546 The county (presentment agency) and city (police department) oppose the application. Both argue that this court lacks jurisdiction to order the return of the money, and that respondent’s remedy is a replevin action or CPLR article 78 proceeding. The property clerk — not a party to the delinquency proceeding — although served with the instant motion papers (order to show cause and affidavit), also argues a lack of personal jurisdiction. Should the court determine it has jurisdiction over the application and the property clerk, these agencies argue that the papers raise factual issues which require a hearing (see, generally, McClendon v Rosetti, 460 F2d 111, on remand 369 F Supp 1391). We decide as follows:
1. SUBJECT MATTER JURISDICTION
We reject the claim that under no circumstances does Family Court possess the necessary jurisdiction to order the police property clerk to return property taken from a juvenile at the time of his “arrest”, and hold that as the court in which the delinquency case was tried, Family Court does possess, at least under certain circumstances, the requisite jurisdiction (see McClendon v Rosetti, 460 F2d 111, 114, supra;People v Simari, 17 AD2d 1032; People v Manguso, 24 AD2d 539; People v Calciano, 66 Misc 2d 988; People v Braunhut, 101 Misc 2d 975; Penal Law, § 450.10, subd 6;[3] Family Ct Act, § 151 [“Judges of the family court are magistrates”]; cf. People v Hylton, 55 AD2d 684; Family Ct Act, § 330.2, subd 5; CPL 710.70, subd [1] [where court suppresses evidence, it may order the property returned to respondent/defendant upon demand if property not otherwise subject to lawful retention]; but cf. People ex rel. Simpson Co. v Kempner, 208 NY 16; People v Coletti, 39 Misc 2d 580; People v Spencer, 64 Misc 2d 1013; People v Salzone, 98 Misc 2d 131). The fact that the respondent could proceed by way of a replevin action or article 78 proceeding (see Matter of Ruiz, 98 AD2d 645) *547 does not preclude an application here (People v Braunhut, supra; People v Calciano, supra).[4]
2. PERSONAL JURISDICTION OVER THE PROPERTY CLERK
Similarly, we also hold that this court has personal jurisdiction over the Rochester Police Department Property Clerk, and may appropriately order him to return property taken from a juvenile who is taken into custody (see People v Calciano, supra; People v Braunhut, supra; People v Hylton, supra; People v Delgado, 124 Misc 2d 1040; Penal Law, § 450.10, subd 6 [set out in n 3]; cf. Family Ct Act, § 330.2, subd 5; § 255; Matter of Terrance J., 78 Misc 2d 437 [Family Court authorized to order police department to expunge its records under § 255]).
3. IS THE RESPONDENT ENTITLED TO THE RETURN OF THE MONEY?
Counsel for the petitioning presentment agency concedes that the $475 taken from the respondent was “not part of the prosecution of the juvenile proceeding.” The attorney for the property clerk, while not disputing that claim, argues that the money represents the proceeds of criminal activity, presumably other drug sales committed by the respondent.[5] There certainly is some evidence in the record to support such a claim.
*548 Nevertheless, I read McClendon v Rosetti (460 F2d 111, supra), and subsequent New York cases to hold that “as to all noncounterfeit money or noncontraband property, no matter how obtained, the property clerk has a constitutionally mandated duty to return such money or property upon timely demand or, in the alternative, institute a forfeiture or other similar judicial proceeding” (Williamsburg Volunteer Ambulance Corps v Wendt, 95 Misc 2d 414, 419). Thus, the failure of the petitioner here and/or other appropriate authorities to return respondent’s money on demand, institute forfeiture proceedings against him (see recently enacted CPLR article 13-A, Proceeds of Crime-Forfeiture [L 1983, ch 1017, eff March 1, 1984]), or perhaps, commence a delinquency proceeding concerning the $475, mandates that the motion be granted. No. hearing is required (Matter of Kenyon v Wendt, 78 AD2d 833; Sullivan v Grupposo, 77 Misc 2d 833; Williamsburg Volunteer Ambulance Corps v Wendt, supra). “One of the basic principles guiding public life in this country is that no governmental body may confiscate a citizen’s property without due process of law. (U.S. Const., 14th Arndt.; N.Y. Const, art. I, §6; Goldberg v. Kelly, 397 U.S. 254; Dobkin v. Chapman, 21 NY2d 490; U.S. Code, tit. 28, § 1343.) Indeed, even when incidental to an arrest, a police seizure of property other than contraband (that is, the object or instrumentality allegedly used in the criminal activity such as drugs or weapons) is unconstitutional. (McClendon v. Rosetti, 460 F.2d 111; see Stengel v. Smith, 18 AD2d 458.)” (Matter of Caggiano v Frank, 78 Misc 2d 187, 190, affd 44 AD2d 828.)
In McClendon (supra), the Second Circuit declared a provision of the Administrative Code of the City of New York unconstitutional as applied “to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose” (460 F2d, at p 116).
The Second Circuit and District Court on remand (McClendon v Rosetti, 369 F Supp 1391, supra), as well as *549 New York cases, address several of the troublesome aspects of the code’s provisions, some of which parallel the claims made here in opposition to the motion. We note the following with respect to those claims:
1. “[I]t is rarely appropriate to require an individual to bring a replevin suit — as suggested by [the county and city] — to obtain a constitutionally guaranteed hearing as to whether he has the right to possession of property. See Fuentes v Shevin, 407 U.S. 67” (369 F Supp, at p 1393).
(a) It is particularly “unreasonable and unrealistic” to suggest that this infant respondent, placed at Great Valley, should bear the burden of commencing a civil action for the return of the money. (People v Simari, 25 AD2d 485; McClendon v Rosetti, 369 F Supp, at p 1394.)
2. It is unconstitutional to place the burden of proof of ownership or title on the claimant (McClendon v Rosetti, 460 F2d, at p 115, 369 F Supp, at p 1394; see Clay v McCabe, 56 AD2d 747; cf. CPLR 1311, subd 3 [“claiming authority” has “clear and convincing” burden]).
3. The property clerk cannot resist a demand for the return of property “by asserting that the property is subject to forfeiture. If the property is subject to forfeiture, appropriate proceedings should be started expeditiously.” (United States v Wilson, 540 F2d 1100, 1104.)
(a) The failure of the property clerk to commence a forfeiture proceeding on the ground that the money represents the proceeds of a crime precludes the assertion of such a claim here. (Matter of Kenyon v Wendt, supra; Sullivan v Grupposo, supra; Williamsburg Volunteer Ambulance Corps v Wendt, supra.)
Finally, since it appears that the money has not earned interest while in the property clerk’s possession, that portion of the motion is denied. (Clay v McCabe, supra; McClendon v Rosetti, 369 F Supp, at p 1394.)

. Interest is also demanded.

. To the extent that this case involves (a) the property of a juvenile delinquent and/or (b) Family Court’s jurisdiction to grant the relief requested, it appears to be a case of first impression. Moreover, under the Family Court Act, juveniles are not “arrested”, but taken into custody (§§ 305.1, 305.2). Here, the police, while executing a search warrant issued by a Rochester City Court Judge, arrested the respondent, and, upon determining his age, took him to a detention facility (§ 305.2, subd 4, par [c]).

. Subdivision 6 of section 450.10 of the Penal Law provides that: “Except in the city of New York, when money or other property is taken from a defendant, arrested upon a charge of an offense, the officer taking it must, at the time, give duplicate receipts therefor, specifying particularly the amount of property taken, one of which receipts he must deliver to the defendant, and the other of which he must forthwith file with the court in which the criminal action is pending” (emphasis added).

. Motions in the “criminal” court for the return of property taken when arrested certainly serve the interests of judicial economy and efficiency (see People v Braunhut, 101 Misc 2d 975, supra). Moreover, we cannot help but note, and it cannot be without significance, that regardless of the manner in which the application for the return of such property is made (motion in the criminal action, replevin or article 78 proceeding) while the People and/or police property clerks have won some procedural/jurisdictional battles (see People v Coletti, 39 Misc 2d 580, supra [title not determined in criminal case]; People v Spencer, 64 Misc 2d 1013, supra [motion in criminal case not proper remedy]; People v Salzone, 98 Misc 2d 131, supra [New York City Criminal Court lacks equity jurisdiction to order return of property]), claimants inevitably win the war on the merits (see People v Calciano, 66 Misc 2d 988, supra; People v Braunhut, 101 Misc 2d 975, supra [defendant’s motion in criminal case granted]; Matter ofCaggiano v Frank, 78 Misc 2d 187, affd 44 AD2d 828; Matter of Hill v Gold, 79 Misc 2d 1055 [art 78 petitions granted]; Sullivan v Grupposo, 77 Misc 2d 833; Clay v McCabe, 56 AD2d 747; Williamsburg Volunteer Ambulance Corps v Wendt, 95 Misc 2d 414; Reid v McAndrews, 107 Misc 2d 1018 [judgment for claimants in replevin actions]).

. The money is not contraband (Clay v McCabe, 56 AD2d 747; Sullivan v Grupposo, 77 Misc 2d 833; Matter of Caggiano v Frank, 78 Misc 2d 187, affd 44 AD2d 828). The District Court in McClendon defined contraband as: “ ‘property, the mere possession of which, without more, is a crime under the laws of The State of New York or The United States. Contraband shall not include property or money * * * which may be suspected or believed to be unlawfully obtained or stolen or the proceeds of a crime or instrumentality of crime.’ (Emphasis added; McClendon, No. 70 Civ 3851 MEL, SONY; July 15 1974, order setting forth procedure for return of property or money held * * *)” (Williamsburg Volunteer Ambulance Corps v Wendt, 95 Misc 2d 414, 417).