Cooke, J.
In December, 1973, and pursuant to a warrant, the amount of $14,960.35 in U. S. currency was seized from the apartment of Donald J. Boyle who was thereafter arrested, along with his brother, both being charged with the crimes of promoting gambling in the second degree and possession of gambling records. A motion to vacate the search, suppress the evidence and return the property was granted in favor of Donald J. Boyle to the extent that the search was invalidated as to him and the evidence suppressed. The portion of the motion directed to the return of the property was denied "since it is not established whether such property constitutes the fruits of a crime (GPL § 710.70 [1]) and the defendant should seek this relief by way of replevin.”
Sometime thereafter the People moved to dismiss the charges against Donald J. Boyle stating that since the evidence had been suppressed they would not be able to present *90 a prima facie case. Additionally, it was noted that prior to the hearing on the motion Donald J. Boyle had passed away. On June 18, 1974, the motion was granted, the indictment dismissed.
On August 30, 1974, a demand was made upon the Suffolk County Police Commissioner, by way of motion, for the return of the $14,960.35. Said motion was opposed and, on October 23, 1974, was withdrawn pending the appointment of an administrator of the estate of Donald J. Boyle. An administrator was appointed on July 30, 1975 but no subsequent demand was made, no notice of claim was ever filed, and no extension of time was ever sought. Instead, in late September, 1975, a summons and complaint were served upon the Police Commissioner. The complaint recited the aforedescribed facts. Additionally, plaintiff asserted therein that "the detention of the said monies by the defendant is wrongful in view of the dismissal of the charges against * * * Donald J. Boyle, and on the basis that more than 30 days have passed regarding any possible appeal by the People” and demanded that "said monies be returned to the plaintiff herein, as Administrator of the Estate * * * in the amount of $14,960.35 plus interest from the 18th day of June, 1974, which date reflects the dismissal of the charges against the deceased”.
One of the items appended to the complaint was a copy of a receipt which read as follows: "Received from Donald J. Boyle numerous slips of paper with wagers thereon and $14,960.35 in U.S. currency.” This receipt had been numbered, dated and signed by the detective who had taken possession of the money and betting slips.
Both parties moved for summary judgment. Special Term, satisfied that plaintiff had established his cause of action for wrongful detention, granted his motion noting that defendant’s answer was a "mere general denial” and defendant’s affidavit failed to "controvert in any material way the allegations of the complaint.” Citing CPL 710.70 (subd 1) the court concluded that "since it had now been established that the property taken does not constitute the fruits of a crime [it] should be returned”. Defendant’s cross motion for judgment dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action was deemed meritless and was denied. In Special Term’s view the title or right to possession of the money had been adequately asserted.
*91 The Appellate Division in affirming, did so on different grounds. Recognizing that an action could be dismissed under CPLR 3211 (subd [a], par 7) for failure to comply with or allege compliance with the requisite notice of claim provisions of the General Municipal Law and the County Law (see 23 Carmody-Wait 2d, NY Prac, §§ 144:111, 144:117), that court attempted to distinguish this case from the other similar cases wherein failure to file notice of claim was held to be fatal (see, e.g., Kamienska v County of Westchester, 39 Misc 2d 750).
Although the Appellate Division relied upon the equitable nature of the claim, such reliance was misplaced for two reasons. First, equity will not entertain jurisdiction where there is an adequate remedy at law (Empire Eng. Corp. v Mack, 217 NY 85; Schank v Schuchman, 212 NY 352; Hunt v Hunt, 171 NY 396; cf. Raftery v World Film Corp., 180 App Div 475) and, in this type of situation, replevin has traditionally been the adequate and appropriate legal remedy (see, e.g., Simpson v St. John, 93 NY 363; Duboff v Haslan, 195 App Div 117; Dwyer v County of Nassau, 66 Misc 2d 1039; People v Spencer, 64 Misc 2d 1013). Moreover, an article 78 proceeding to review a refusal after demand is likewise available (see, e.g., Matter of Caggiano v Frank, 78 Misc 2d 187, affd 44 AD2d 828).
Second, even were this to be viewed as an action in equity, the specific language of subdivision 2 of section 52 of the County Law would still require notice of claim. Subdivision 1 of that statute provides, in language sufficiently broad to cover the instant situation, as follows: "Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law.” The failure then to make such a claim requires a reversal.
Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiff’s motion for summary judgment denied and defendant’s motion to dismiss the complaint granted.
*92 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, etc.