◼ In the Matter of MICHAEL OAKLEY, Respondent, v POLICE PROPERTY CLERK OF NASSAU COUNTY, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Police Property Clerk of Nassau County to return to petitioner a sum of money and various items of personal property which had been taken from his possession by Nassau County police officers upon his arrest for criminal possession of a controlled substance and for criminal possession of a weapon, the property clerk appeals from so much of a judgment of the Supreme Court, Nassau County, entered November 9, 1979, as directed that he return to petitioner said sum of money as well as certain other items of personal property. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the proceeding is dismissed in its entirety on the merits. A notice of claim must be timely filed where the gravamen is the wrongful retention by a municipality of money or property after the disposition of a criminal action in the course of which the money or property had been seized. This filing requirement, as we noted in *Matter of Abramowitz v Guido* (61 AD2d 1045), may not be evaded by resort to a CPLR article 78 proceeding instead of an action in tort for conversion, or by an action upon the equitable principle of unjust enrich-

ment (see County Law, § 52; General Municipal Law, § 50-e; *Boyle v Kelley,* 42 NY2d 88). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.