■ In the Matter of ALBERT SCHWARTZBERG et al., Doing Business as KINGS HARBOR CARE CENTER, et al., Respondents, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, Appellant, and INSTLCORP, INC., Intervenor-Respondent. — Appeals from orders of the Supreme Court at Special Term (Doran, J.), entered August 1, 1980 in Albany County, which, in a proceeding pursuant to CPLR article 78, (1) denied respondent's motion for an order staying petitioners from collecting monthly rentals from respondent, and (2) extended, *inter alia*, for six months certain provisions of an earlier order of the court entered February 22, 1980, appointing respondent receiver of the facilities. The facts underlying the matter on appeal are as follows: petitioners Albert Schwartzberg and Sigmund Lefkovitz are the former operators of two health care facilities, the Kings Harbor Care Center and Kings Harbor Manor Facility. The real estate on which these facilities are located is owned by Nur-Hom Realty, Inc. (hereinafter Nur-Hom) and leased by the facilities. Intervenor Instlcorp, Inc., holds a mortgage on the real estate and, because of defaults in payments under the mortgage, has been assigned the right to receive rents payable by the facilities. Petitioners instituted an article 78 proceeding in September, 1978 to annul a determination of respondent Commissioner of the Department of Health of the State of New York revoking their operating certificates. Before the article 78 proceeding was resolved, the Commissioner of Health was appointed receiver of the facilities in February, 1979. On March 29, 1979, petitioners sought an order directing that a hearing be held to determine the fair monthly rental to be paid by the receiver for use of petitioners' furniture, fixtures and equipment at the facilities. The receiver consented to such a hearing and on May 29, 1979 Special Term ordered a hearing to be held if the parties were unable to resolve the question themselves. Failing a resolution thereof, Special Term ordered a hearing to be held on December 3, 1979 and directed the receiver in the interim to pay rent of $4,381 a month to petitioners, retroactive to the commencement of the receivership, and specified the amount of the accumulated rental due to be $41,619.50. The receiver appealed this order but did not appeal those provisions relating to the fair monthly rental. At this juncture, the receiver for the first time asserted that petitioners were not entitled to any monthly rental for personal property at the facilities because title to the

personal property was vested in Nur-Hom. As part of petitioners' reply, there was filed an affidavit of Nur-Hom's counsel which alleged that the vesting of title in Nur-Hom was merely a security device in the event of petitioners' default. Respondent, by order to show cause dated July 9, 1980, moved to resolve the issue relating to petitioners' lack of title. The court held that it was treating the motion as one to reargue those portions of the court's June 6, 1979 and November 21, 1979 orders wherein the court had held that petitioners have title to the furniture, fixtures and equipment. Respondent's motion was denied. The second motion appealed here emanates from the order of the court entered February 22, 1979, appointing the Commissioner of Health involuntary receiver of the facilities. In this order, Special Term directed respondent to: "take all necessary and practical steps to eliminate serious operating deficiencies and to attempt to maintain and/or regain medicaid reimbursements from the federal government so that he can maintain the patients in both facilities provided, however, that if he cannot eliminate the deficiencies or he cannot obtain medicaid reimbursement from the federal government, then nothing in this ordering paragraph shall impede on his power under subdivision (2) of § 2810 of the Public Health Law to orderly transfer the patients to other facilities, and further provided the limiting terms of this ordering paragraph shall expire, in any event, on July 15, 1979." Several six-month extensions of this provision were requested and granted, the last of which was issued by the court on July 8, 1981. Respondent urges that the extensions unduly restrict his statutory duty and are, therefore, illegal. The record, however, contains no entry of a formal order of the July 8 extension, nor of the previous extensions covering the period January 15, 1981 to July 15, 1981. Since it appears that no order effecting an extension has been entered, the subject order has expired by its own terms and the appeal therefrom is now moot and must be dismissed. Moreover, even if it is established that an extension was properly effected, we would not find, as respondent urges, that it contravenes the Public Health Law by inhibiting his operation of these facilities "in such a manner as to guarantee safety and adequate health care for [the] patients" (Public Health Law, § 2810, subd 2, par c). We note that the remaining order appealed from was one entered prior to judgment in an article 78 proceeding. Appeal from such an order does not lie as of right; permission to appeal must be granted by either the Judge who made the order or by a Justice of the Appellate Division in the judicial department to which the appeal is taken (CPLR 5701, subds [b], [c]; *Matter of Wallace v Wyandanch Union Free School Dist.,* 58 AD2d 813). No such permission has been sought or granted here. However, since the question may recur upon respondent's seeking leave to appeal, we deem it expedient in the interest of judicial economy to grant permission to appeal *sua sponte* (cf. *Matter of Nemeroff Realty Corp. v Kerr,* 38 AD2d 437, 440, affd 32 NY2d 873). The motion made was based on new allegations of fact, that is, respondent's contention that petitioners did not have title to the subject property. Accordingly, the motion should have been treated as a motion to renew and, as such, the resulting order denying the motion could be appealed. Addressing the merits, we note that Special Term's denial of the motion to renew would have to be affirmed unless it constituted an abuse of discretion (*Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684, 685). In the instant case, it is clear that the new facts alleged by respondent were available in the earlier proceeding. No excuse was forthcoming for their omission. Moreover, the record supports petitioners' contention that the parties to the lease intended to create a security interest in the subject property and that the contractual language employed was necessitated by the financing arrangement of Nur-Hom with its mortgagee and did not express the

true intention of the parties. In view of all the circumstances, it could not be said that Special Term abused its discretion in denying respondent's motion. Appeal from order extending certain provisions of an earlier order of the court entered February 22, 1980, dismissed, without costs, as moot. Order denying respondent's motion to stay petitioners from collecting monthly rentals from respondent, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.