■ In the Matter of UNITED STATES REDEMPTION CENTERS, INC., Respondent, v PROPERTY CLERK OF COUNTY OF NASSAU et al., Appellants. — In a proceeding pursuant to CPLR article 78 to compel the return of four guns to the petitioner, the appeals are from (1) an order of the Supreme Court, Nassau County (Velsor, J.), dated March 31, 1981, which held that the proceeding was not time barred and referred the matter for a hearing and determination on the issue of

ownership and (2) an order and judgment (one paper) of the same court (Murphy, J.), entered July 16, 1981, which granted the petition. Appeal from order dated March 31, 1981 dismissed. The order will be reviewed on the appeal from the order and judgment entered July 16, 1981. Order and judgment reversed, on the law, order dated March 31, 1981 vacated and proceeding dismissed. Appellants are awarded one bill of $50 costs and disbursements. A timely notice of claim is a condition precedent to the commencement of a proceeding "where the gravamen is the wrongful retention by a municipality of money or property after the disposition of a criminal action in the course of which the money or property had been seized" (*Matter of Oakley v Police Prop. Clerk of Nassau County,* 75 AD2d 816; see *Boyle v Kelley,* 42 NY2d 88; *Pretino v Wolbern,* 84 AD2d 830; *Matter of Abramowitz v Guido,* 61 AD2d 1045). The 90-day time limit for filing the notice of claim in such a case runs from the refusal to return the property after a demand (see *Kamienska v County of Westchester,* 39 Misc 2d 750). Here the refusal occurred on April 29, 1980 when the District Attorney sent a letter to petitioner stating that the guns would be destroyed. Since the notice of claim served in late August was untimely, the proceeding must be dismissed. Moreover, the proceeding under article 78 was not commenced within four months (CPLR 217). Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.