■ MILDRED ZARRELLO et al., Respondents, v CITY OF NEW YORK, Appellant. — Appeal by defendant, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated March 30, 1982, as, upon renewal and reargument, adhered to its prior order, dated March 19, 1981, which granted plaintiffs permission to serve a late notice of claim and a summons and complaint prior to the holding of a hearing. Order reversed, insofar as appealed from, as a matter of discretion, with $50 costs and disbursements, order dated March 19, 1981 vacated and plaintiffs' application for leave to serve a late notice of claim denied. Special Term failed to give sufficient weight to the fact that defendant did not acquire actual knowledge of the essential facts constituting plaintiffs' claim until one year and 87 days after Mrs. Zarrello's accident (see General Municipal Law, § 50-e, subd 5; *Matter of Morris v County of Suffolk,* 88 AD2d 959). In addition, the long delay between Mrs. Zarrello's accident and the making of this application has operated to substantially prejudice defendant. The alleged defects in the sidewalk and the accumulation of snow and ice that caused Mrs. Zarrello to fall and injure herself can hardly have been in a similar condition almost a year and three months later. Finally, the hiatus between the injury and the instant application to serve a late notice of claim is not excused by plaintiffs' allegations, which amount to law office failure (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Barasch v Micucci,* 49 NY2d 594). Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.