■ In the Matter of RUCHEL NEUMARK et al., Respondents, v NEW YORK CITY POLICE PROPERTY CLERK, Appellant, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the return of United States currency taken from the

petitioners in the course of an arrest and prosecution, the New York City Police Property Clerk appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated April 2, 1985, which denied his cross motion to dismiss the petition insofar as it is asserted against him, ordered that the issue of whether the property allegedly wrongfully retained by the Clerk was the proceeds of a crime or was derived through crime be determined after a trial on the merits, and directed the Clerk to serve an answer to the petition within 10 days after service upon him of a copy of the order, with notice of entry.

On the court's own motion, the appellant's notice of appeal from the order denying its cross motion to dismiss the petition is treated as an application for leave to appeal, said application is referred to Justice Weinstein, and leave to appeal is granted by Justice Weinstein (CPLR 5701 [b] [1]).

Order reversed, on the law, with costs, proceeding dismissed as to the appellant, and proceeding as to the remaining respondents severed.

Inasmuch as an appeal from an order entered prior to judgment in a proceeding pursuant to CPLR article 78 does not lie as of right, permission to appeal must be granted by either the court which made the order or by a Justice of the Appellate Division in the judicial department to which the purported appeal has been taken (CPLR 5701 [b], [c]; *Matter of Schwartzberg v Whalen,* 87 AD2d 665, 666). Justice Weinstein having granted leave to appeal, we now proceed to address the merits of the case.

On March 5, 1983, the petitioners were arrested at John F. Kennedy International Airport and charged with criminal possession of stolen property and jostling. At the time of their arrest, $941 in United States currency was removed from their persons. The petitioners were permitted to plead guilty to the violation of disorderly conduct (Penal Law § 240.20) for which they were each sentenced to a conditional discharge for a period of one year. Some 18 months later, they commenced the instant proceeding to compel the release of the aforementioned sum to them. At no time did the petitioners serve a notice of claim pursuant to General Municipal Law § 50-e.

Under the circumstances, existing authority compels us to dismiss the proceeding as to the appellant. As set forth in *Matter of Abramowitz v Guido* (61 AD2d 1045): "The holding in *Boyle v Kelley* (42 NY2d 88) is all-embracing as to the requirement that a notice of claim be timely filed where the

gravamen is the wrongful retention by a municipality of money or property after the dismissal of a criminal action in the course of which the money or property had been seized. The requirement may not be evaded by resort to a CPLR article 78 proceeding instead of an action in tort for conversion, or by an action upon the equitable principle of unjust enrichment (see County Law, § 52; General Municipal Law, § 50-e)."

Thus, while a CPLR article 78 proceeding is an appropriate vehicle to compel the return of property seized by the police, the instant proceeding must be dismissed as to the appellant for failure of petitioners to serve a notice of claim pursuant to General Municipal Law § 50-e (see, Matter of Melmarkets, Inc. v Dillon, 77 AD2d 897, 898, rearg denied 80 AD2d 839). Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.