OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
Petitioner brings this CPLR article 78 proceeding for a peremptory order of mandamus to compel the respondent to perform a duty, which petitioner claims, the law requires be performed.
*138 Respondent cross-moves for dismissal of the petition for petitioner’s failure to comply with a necessary condition precedent, i.e., the filing of a notice of claim pursuant to General Municipal Law § 50-e.
Petitioner was arrested on April 11, 1989. United States currency in the amount of $2,721 was recovered from his person and was delivered to the respondent’s Property Clerk pursuant to section 14-140 (b) of the Administrative Code of the City of New York. Respondent contends, citing Boyle v Kelley (42 NY2d 88), that any action seeking the return of property seized in connection with an arrest must be preceded by a timely notice of claim pursuant to General Municipal Law § 50-e. Respondent also contends, citing Matter of Abramowitz v Guido (61 AD2d 1045), that this notice of claim requirement may not be evaded by resort to a CPLR article 78 proceeding. Respondent, relying on Beck v City of New York (133 Misc 2d 265), takes the position that petitioner was required to file a notice of claim within 90 days of the seizure of the money, and that this proceeding should be dismissed because of petitioner’s failure to file the required notice of claim.
Boyle v Kelley (supra) involved an attempt to recover money seized in the course of a December 1973 gambling arrest in Suffolk County. The criminal charges were dismissed on June 18, 1974 (following a successful suppression motion) and an action was commenced to recover the seized money. In that action the court found that Police Commissioner Kelley’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action was meritless. The court also found that the seized property did not constitute the fruits of a crime and should be returned. In affirming, the Appellate Division (53 AD2d 457) recognized that an action could be dismissed under CPLR 3211 (a) (7) for failure to comply with notice of claim provisions but, relying upon the equitable nature of the claim that the property was allegedly being wrongfully retained by the Police Commissioner, distinguished that case from other similar cases where the failure to comply with notice of claim provisions was held to be fatal. The Court of Appeals found such reliance was misplaced and held that the failure to file a notice of claim mandated dismissal of the replevin action.
The Appellate Division, Second Department, subsequently stated, in a CPLR article 78 proceeding to compel the Police Commissioner of Nassau County to return money seized in the *139 course of an arrest: "The holding in Boyle v Kelley (42 NY2d 88) is all-embracing as to the requirement that a notice of claim be timely filed where the gravamen is the wrongful retention by a municipality of money or property after the dismissal of a criminal action in the course of which the money or property had been seized. The requirement may not be evaded by resort to a CPLR article 78 proceeding instead of an action in tort for conversion, or by an action upon the equitable principle of unjust enrichment.” (Matter of Abramowitz v Guido, supra.) This ruling has been consistently applied in Nassau County (see, e.g., Matter of Oakley v Police Prop. Clerk of Nassau County, 75 AD2d 816; Matter of United States Redemption Centers v Property Clerk of County of Nassau, 88 AD2d 959 [wherein, incidentally, the court held that the 90-day period within which to file the notice of claim runs from the refusal to return the property after a demand]). The Boyle v Kelley (supra) holding has also been applied where the return of seized property is sought from the New York City Police Property Clerk.
In Matter of Neumark v New York City Police Prop. Clerk (122 AD2d 210) the petitioners had commenced an article 78 proceeding to compel the return of $941 taken from them in the course of an arrest for criminal possession of stolen property and jostling. Eighteen months after pleading guilty to disorderly conduct and being sentenced to a conditional discharge, the petitioners commenced their proceeding to compel the release of the seized money. While the Appellate Division, Second Department, found an article 78 proceeding an appropriate vehicle to compel the return of seized property from the New York City Police Department’s Property Clerk, it also found that the Boyle v Kelley (supra) holding mandates dismissal of such an article 78 proceeding if the appropriate notice of claim had not been filed (Matter of Neumark v New York City Police Prop. Clerk, supra, at 212). Although no notice of claim has been filed here, this article 78 proceeding need not be dismissed since the gravamen of this proceeding is not to compel the return of seized property but rather to compel the respondent to perform an act required by law to be performed.
In McClendon v Rosetti (460 F2d 111) the Second Circuit Court of Appeals held the City’s Administrative Code provision regarding seized property (former § 435-4.0, now § 14-140) unconstitutional as "applied to the owners of that property. On remand the District Court (369 F Supp 1391) issued an order *140 prescribing the procedure for return of such property without judicial intervention: "Under this procedure, the City must return the property if the owner makes demand within 90 days of the disposition of criminal charges, or a release issued by the District Attorney, 'whichever is sooner.’ If the City believes the claimant is not a 'lawful claimant,’ it must commence suit to retain the property, within 10 days of the demand. The City is also required to provide written notice of the demand procedure to those from whom the property has been seized.” (Moreno v City of New York, 69 NY2d 432, 435; see also, Property Clerk, N. Y. City Police Dept. v Seroda, 131 AD2d 289, 293.)
This petition indicates that a District Attorney’s release for the subject property was issued on May 9, 1989, a demand for the return of the money was made within 90 days thereafter, but that the money has not been returned. The procedure outlined in McClendon (supra) and made applicable here requires that within 10 days of a timely demand the respondent’s Property Clerk must either return the money or commence a forfeiture proceeding. This petition seeks to compel the respondent’s Property Clerk to perform ministerial, non-discretionary and nonjudgmental acts which the McClendon order requires be performed. The McClendon order mandates performance in a specified manner and petitioner brings this proceeding to compel that performance. Although petitioner’s property may ultimately be returned if this proceeding is successful, the gravamen of this proceeding is not replevin since the rights of the parties to the seized property are not at issue. The only issue in this proceeding is whether or not the respondent’s Property Clerk should be compelled to perform a duty mandated by the McClendon order. No notice of claim is therefore required as a condition precedent, and consequently, respondent’s cross motion to dismiss for petitioner’s failure to file a notice of claim must be denied.
Accordingly, respondent’s cross motion to dismiss the petition is denied. Since the pro se petitioner is currently incarcerated, the clerk is directed to enter this order and mail copies to each of the parties. Respondent shall answer the petition within 20 days of entry of this order and the clerk is further directed to renotice this matter for a hearing on the first motion day 30 days after entry of this order.