[740 NYS2d 425]

WALTER J. SMITH, JR., Appellant, v THOMAS L. SCOTT et al., Respondents.

Second Department, April 8, 2002

12

APPEARANCES OF COUNSEL

*Walter J. Smith, Jr.,* Gainesville, appellant pro se.

*Gary N. Weintraub, Town Attorney,* Huntington, for respondents.

## OPINION OF THE COURT

O'BRIEN, J.P.

In this matter, which clearly should have been informally resolved without the costly litigation now before this Court, the issues are whether the plaintiff must comply with the notice of claim requirements of Town Law § 67 and, if so, whether he satisfied those requirements.

I

The appeal involves a motion, inter alia, to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7). Accordingly, the Court must accept the allegations of the complaint as true and accord the plaintiff the benefit of every possible favorable inference (*see Cron v Hargro Fabrics,* 91 NY2d 362, 366; *Leon v Martinez,* 84 NY2d 83, 87).

In October 1999, the plaintiff, Walter Smith, Jr., purchased a 1988 Jeep, valued at about $5,000, in the Town of East Hampton (hereinafter the Town). Since the plaintiff resided in Virginia, he arranged to store the Jeep on private property in the Town until he could register it in Virginia and drive it home. On December 19, 1999, the plaintiff's son Christopher, who resided in the Town, was stopped by town police for speeding while driving the Jeep. He was arrested for driving under the influence of alcohol, and the Jeep was impounded.

The plaintiff learned of his son's arrest on December 23, 1999, and on December 30, 1999, he requested that the police release the Jeep. He was informed that the release had to be authorized by an assistant district attorney from the Office of the Suffolk County District Attorney (hereinafter the ADA). By letter dated January 15, 2000, Christopher's attorney advised the Office of the Suffolk County District Attorney that the Jeep was owned by the plaintiff, and he requested authorization for its release. The attorney enclosed a copy of the plaintiff's title and registration.

In the first week of March 2000, the plaintiff was informed by the ADA that written instructions had been sent to the town police authorizing release of the Jeep. However, when the plaintiff contacted the town police, he was told that no such

letter had been received. On March 15, 2000, the plaintiff wrote to the ADA who had authorized the release, detailing his difficulties obtaining the Jeep from the town police. He informed the ADA that the police questioned whether the Jeep could be released to him because there allegedly was a charge pending against Christopher regarding a Vehicle Identification Number (hereinafter VIN) plate found in the glove compartment. The VIN plate had apparently been removed from another location on the Jeep. The plaintiff further informed the ADA that he did not know why the VIN plate was in the glove compartment and, if there was any claim that the Jeep was stolen, he should be so informed. There is no evidence in this record that either Christopher or the plaintiff was charged in connection with the VIN plate.

Apparently as a result of this letter, Captain Todd Sarris of the town police advised the plaintiff on March 24, 2000, that he had received instructions from the ADA to release the Jeep. Sarris also advised the plaintiff that, although the "public VIN plate" was in its proper location at the base of the windshield, the Jeep could not be lawfully operated on a public highway without the other VIN plate attached. Further, the VIN plate found in the glove compartment would not be returned to him. Sarris told the plaintiff he would have to tow the Jeep off the impoundment lot. In this same conversation, Sarris told the plaintiff that there were no storage charges for the Jeep.

The plaintiff then attempted to arrange a date with the police department to tow the Jeep off the impoundment lot. On April 6, 2000, Sarris told the plaintiff by telephone that the Jeep could not be retrieved until April 13, 2000, and that he had to bring the registration, current tags, and his driver's license. Shortly thereafter, Sarris telephoned the plaintiff and told him that he needed to bring $1,500 for storage and towing charges. Sarris explained that his earlier statement that there were no storage charges referred only to charges after March 24, 2000, the date the plaintiff was informed that the ADA had authorized release of the Jeep.

Faced with this demand for storage fees, the plaintiff wrote a letter, dated April 12, 2000, to the Town Clerk, in which he claimed that his Jeep was impounded by the town police on December 19, 1999, "without color of law." The police were demanding $1,500 and refused to return the Jeep. Since its impoundment, the Jeep had been exposed to the elements and had deteriorated from nonuse. The plaintiff stated that he had not been provided with any statutory authority for the deten-

tion of the Jeep or for the storage charges and had not been provided with any written notice of any forfeiture proceeding. He further asserted that the Jeep remained in the possession of the police "where it has been converted for their own use in violation of law." He wrote "[p]lease accept this letter in behalf of the Town of East Hampton as a demand for the immediate release of the car and as notice to the Town of our claim for damages and relief for the misappropriation of the car, its deterioration, and for violation of our constitutional right to due process of law." The letter was marked "delivered by hand."

On May 12, 2000, the plaintiff pro se filed the action at bar for replevin against Sarris and Thomas Scott, the Chief of the town police department. The complaint stated the above facts regarding the plaintiff's efforts to recover his Jeep and alleged that Sarris refused to provide any authority for assessing storage charges of $1,500. Sarris placed everchanging conditions on release of the Jeep, including, most recently, that the plaintiff execute a release of any claim for damages to the Jeep. Aside from the fact that the ADA had authorized release of the Jeep, Suffolk County Code § 270-26 mandated the return of property seized by the police as the instrumentality of a crime if a forfeiture proceeding was not commenced within 60 days of seizure. The complaint further alleged that the plaintiff's letter to the Town Clerk dated April 12, 2000, placed the Town on notice of these circumstances, and no answer to this letter had been received. The letter to the Town Clerk was annexed to the complaint as an exhibit. The complaint did not seek a recovery for any damages to the Jeep but sought the immediate return of the Jeep plus the costs of the action.

The defendants moved in June 2000 to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (7) for failure to state a cause of action, specifically, for the failure to serve a notice of claim as required by Town Law § 67. The attorney for the defendants stated in an affirmation that the plaintiff's son, Christopher, possessed a detached VIN plate which was a class E felony (Penal Law § 170.70). He did not state, however, that Christopher was actually charged with this felony. He acknowledged that the District Attorney's office released its hold on the Jeep but claimed that the plaintiff was warned that he needed proper documentation before the Jeep could be retrieved. He asserted that the plaintiff was unwilling to pay "reasonable" storage charges while the Jeep was lawfully detained.

Regarding the notice of claim, the defendants' attorney argued that, since replevin is a tort, service of a notice of claim

was a prerequisite to commencement of an action against the Town or its officials, and the complaint failed to allege that a notice of claim was served. The 90-day period to serve a notice of claim had expired, as the plaintiff's cause of action accrued in December 19, 1999, when he first demanded the return of his property.

The plaintiff responded in an affidavit that service of a notice of claim was not required because the Town did not have to indemnify the defendants. The plaintiff further argued that, if a notice of claim was required, the Town received the required notice in his April 12, 2000, letter, which was annexed to the complaint as an exhibit. Any defects in the form of the notice of claim were waived pursuant to General Municipal Law § 50-e (3) (c). He asserted that his cause of action did not accrue in December 1999, as his time to file a notice of claim was extended during the period that the District Attorney placed a hold on the Jeep. In reply, the defendants contended that the plaintiff's letter to the Town Clerk dated April 12, 2000, was not a substitute for a sworn notice of claim.

The Supreme Court granted the defendants' motion to dismiss the complaint. In considering the defendants' contention as to when the plaintiff's cause of action accrued for notice of claim purposes, the court concluded that, if the Jeep was related to a criminal proceeding, the police could hold it until it was released by the District Attorney or until the criminal proceeding was terminated. Thus, the plaintiff's cause of action did not necessarily accrue on the date the property was seized or on the date he first demanded its return. The Town had not commenced a forfeiture proceeding with respect to the Jeep. Although the defendants argued that they refused to return the Jeep due to the plaintiff's unreasonable position regarding storage fees, the court noted that the defendants had not specified the statute that authorized the storage charges and had not explained why they did not return the Jeep. Because the defendants failed to disclose when the District Attorney agreed to release the Jeep or when the criminal proceeding was terminated, the date that the cause of action arose for notice of claim purposes could not be determined, and the defendants failed to demonstrate that the 90 days in which to serve a notice of claim had expired. Nevertheless, the complaint was defective and must be dismissed due to the failure to allege that a notice of claim had been served and filed. A judgment was entered on December 1, 2000, dismissing the complaint.

## II

■ Town Law § 67 requires service of a notice of claim in accordance with the provisions of General Municipal Law § 50-e, prior to commencement of an action, where the claim is for damages for "wrong or injury to person or property." The plaintiff labeled his complaint as an action in replevin. He contends, however, that no notice of claim was required because the prayer for relief did not seek damages, and he likens his claim to that of a continuing trespass. Regardless of how the plaintiff characterizes his cause of action, the law is well settled that an action in replevin is an appropriate remedy in these circumstances and that replevin is a common-law tort for which service of a notice of claim is required.

In *Boyle v Kelley* (42 NY2d 88), the plaintiff claimed that the Suffolk County Police Commissioner wrongfully withheld money seized as part of a criminal proceeding after the criminal proceeding was dismissed. The Court, in rejecting the argument that the action was equitable in nature, stated that "equity will not entertain jurisdiction where there is an adequate remedy at law * * * and, in this type of situation, replevin has traditionally been the adequate and appropriate legal remedy * * * Moreover, an article 78 proceeding to review a refusal after demand is likewise available" (*Boyle v Kelley, supra* at 91; *see also Moreno v City of New York*, 69 NY2d 432, 436 [a person whose property has been seized by the police may regain possession via the traditional remedy, a common-law action in replevin]).

Following *Boyle v Kelley (supra),* this Court has consistently held that a timely notice of claim is a condition precedent to the commencement of an action or proceeding "where the gravamen is the wrongful retention by a municipality of money or property after the disposition of a criminal action in the course of which the money or property had been seized" (*Matter of Oakley v Police Prop. Clerk of Nassau County,* 75 AD2d 816; *see also Matter of Ganci v Tuthill,* 216 AD2d 390; *Matter of Neumark v New York City Police Prop. Clerk,* 122 AD2d 210; *Book v Dilworth,* 114 AD2d 434; *Matter of United States Redemption Ctrs. v Property Clerk of County of Nassau,* 88 AD2d 959). In *Matter of Abramowitz v Guido* (61 AD2d 1045), this Court held that the requirement in *Boyle v Kelley (supra),* that a notice of claim is required, may not be evaded by resort to a CPLR article 78 proceeding instead of an action in tort for conversion or by an action upon the equitable principle of unjust enrichment.

In *Clark v City of New York* (98 Misc 2d 660, 661), the plaintiff sought the return of his vehicle, which was impounded for a parking violation. The court stated that "[t]raditionally and historically, replevin is based upon a tortious act and is an action ex delicto * * * This is true whether the action is founded on a trespass, an unlawful taking from plaintiff's possession, a conversion, or merely a wrongful detention." (*Id.*) The court in *Clark* concluded that, since General Municipal Law § 50-e required service of a notice of claim as a condition precedent in any case founded upon tort, such notice was required for any action in replevin for the wrongful or tortious withholding of possession of property by the municipality.

The plaintiff relies on a line of cases which hold that Town Law § 67 does not encompass actions which are primarily equitable in nature, and accordingly, no notice of claim is required where the primary relief sought is to enjoin a continuing wrong by a municipality and the monetary damages are incidental to that relief (*see Stanton v Town of Southold,* 266 AD2d 277; *Dutcher v Town of Shandaken,* 97 AD2d 922; *Fontana v Town of Hempstead,* 18 AD2d 1084, *affd* 13 NY2d 1134). In contrast, County Law § 52, which was applicable in *Boyle v Kelley (supra),* specifically requires service of a notice of claim as a condition precedent to actions both at law and in equity (*see Grant v Town of Kirkland,* 10 AD2d 474). Thus, the Court in *Boyle v Kelley (supra)* stated that, even if the complaint for the return of property held by the police was viewed as an action in equity, County Law § 52 required service of a notice of claim.

The plaintiff cannot avoid the notice of claim requirement in Town Law § 67 by characterizing his claim as one primarily in equity to enjoin a continuing trespass, rather than one for damages based on tort. The import of *Boyle v Kelley (supra)* and its progeny is that the remedy for the return of property allegedly wrongfully withheld by the police after the dismissal of a criminal proceeding is the commencement of an action for replevin or a CPLR article 78 proceeding to review a refusal by municipal officials after a demand. In either such action or proceeding, service of a notice of claim is required. Accordingly, the plaintiff was required to serve a notice of claim prior to commencement of the action at bar.

The plaintiff alternatively argues that no notice of claim was required because he only sued municipal employees, rather than the Town. General Municipal Law § 50-e (1) (b) provides that the notice of claim requirement does not apply where only an officer, appointee, or employee of a public corporation, rather

than the public corporation itself, is a named defendant unless the public corporation has a statutory obligation to indemnify the person. A public corporation has a statutory obligation to indemnify if the officer, appointee or employee was acting within the scope of his or her employment in committing the alleged tortious acts (*see Zwecker v Clinch,* 279 AD2d 572; *International Shared Servs. v County of Nassau,* 222 AD2d 407; *see generally Riviello v Waldron,* 47 NY2d 297). The complaint at bar did not allege that the defendants were acting outside the scope of their employment in retaining the Jeep and the plaintiff did not offer such evidence. The plaintiff's alternative argument is therefore without merit (*see Zwecker v Clinch, supra* [plaintiff offered no evidence that the defendant police officers were acting outside the scope of their employment, therefore, the claims against them were precluded due to the plaintiff's failure to file a notice of claim]; *see also Matter of Rattner v Planning Commn. of Vil. of Pleasantville,* 156 AD2d 521, 526 [notice of claim was required as to the named individual Village parties since it was clear that the counterclaims were brought against them in their official capacities]).

### III

■ Having determined that a notice of claim was required, the issue is whether the plaintiff's April 12, 2000, letter to the Town Clerk satisfied that requirement.

General Municipal Law § 50-e (3) (a) provides that a notice of claim may be served by delivering a copy personally, or by certified or registered mail, "to the person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation." CPLR 311 (a) (5) provides that personal service may be made upon a town by delivery of the summons to the supervisor or clerk. Further, General Municipal Law § 50-e (3) (c) provides that, if a notice is timely served, but in a manner not in compliance with the statute, the service shall be valid if the notice is actually received by a proper person within the time specified in the statute and the public corporation fails to return the notice, specifying the defect in the manner of service, within 30 days after the notice is received.

The April 12, 2000, letter to the Town Clerk was marked "delivered by hand." The defendants do not dispute that the letter was delivered to the Town Clerk, and, as he was a proper person to whom a notice of claim may be delivered, service of the letter complied with General Municipal Law § 50-e (3) (a).

The defendants contend that the April 12, 2000, letter was not in the proper form for a notice of claim. The letter complied with General Municipal Law § 50-e (2) insofar as it was in writing. It set forth the plaintiff's name and address, the nature of the claim, the time, place, and manner in which the claim arose, and the items of damages claimed to have been sustained so far as then practicable. The letter did not comply with section 50-e (2) in that it was not sworn to by the plaintiff.

Pursuant to General Municipal Law § 50-e (6), any mistake, omission, irregularity or defect in the notice of claim made in good faith (except those pertaining to the manner or time of service) may be corrected, supplied, or disregarded in the discretion of the court, provided the other party is not prejudiced. In *Montana v Incorporated Vil. of Lynbrook* (23 AD2d 585), the plaintiff's attorney sent a letter to the Village Clerk which stated the claim in general terms. It was not "sworn to" by or on behalf of the plaintiff, it did not state the manner in which the claim arose, and it did not specify the items of damages. However, the Court held that such omissions may be supplied by an amendment under section 50-e (6) as the defendant was not prejudiced. The defendant was fully cognizant of the claim, and the purpose of the statute was met (*see also Neal v Amityville Union Free School Dist.*, 288 AD2d 450; *cf. Acevedo v City of Newburgh*, 205 AD2d 483).

In the case at bar, the fact that the letter was not "sworn to" may be disregarded by the Court as there is no showing of prejudice to the defendants. The defendants did not dispute the plaintiff's contention that the Town was fully aware of his claim. The letter was served on the Town in compliance with General Municipal Law § 50-e (3) (a), the letter explicitly stated that it was intended to serve as notice to the Town of the claim, and, except for the fact that it was not sworn to, the letter satisfied the requirements of a notice of claim (*cf. Pretino v Wolbern*, 84 AD2d 830 [a letter from the plaintiff's attorney to the District Attorney in a replevin case did not constitute a notice of claim as it was not served on the county in compliance with General Municipal Law § 50-e (3) (a), it did not appear that the letter was intended as a notice of claim, and it did not satisfy the statutory requirements of such notices]). Accordingly, under these circumstances, the fact that the letter was not sworn to by the plaintiff may be disregarded.

Further, the defendants failed to establish that the April 12, 2000 letter was not served within 90 days after the claim arose (*see* General Municipal Law § 50-e [1] [a]). A cause of action for

replevin ordinarily runs from the date the conversion takes place. However, where the possession was originally lawful, a demand is necessary, and the cause of action accrues from the time when the right to make the demand is complete (*see Berman v Goldsmith,* 141 AD2d 487; *Kamienska v County of Westchester,* 39 Misc 2d 750; CPLR 206 [a]; 214 [3]; *see also Matter of United States Redemption Ctrs. v Property Clerk of County of Nassau, supra*).

Assuming that the possession of the Jeep by the defendants was initially lawful under Suffolk County Code § 270-26, the plaintiff established that he had the right to demand the return of the Jeep upon the District Attorney's failure to commence a forfeiture proceeding within 60 days after the Jeep was seized on December 19, 1999. The plaintiff's letter was delivered to the Town Clerk well within the 90-day period for serving a notice of claim.

## IV

Although the plaintiff's letter to the Town Clerk satisfied the requirement of a timely served notice of claim, the complaint must nevertheless be dismissed. Town Law § 67 (2) provides that an action upon a claim shall be commenced pursuant to the provisions of General Municipal Law § 50-i. Section 50-i (1) (b) provides, inter alia, that no action shall be commenced unless a notice of claim has been served and "it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that the adjustment or payment thereof has been neglected or refused." A plaintiff must not only plead in the complaint that he served a notice of claim but that the notice was served at least 30 days prior to commencement of the action and in that time the defendant neglected or refused to adjust or satisfy the claim. "Failure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation ordinarily requires dismissal * * '* the mandatory 30-day period between service of the notice of claim and the summons and complaint serves the salutary purpose of allowing municipal defendants to conduct an investigation and examine the plaintiff with respect to the claim * * * and to determine whether the claims should be adjusted or satisfied before the parties are subjected to the expense of litigation" (*Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 62).

The plaintiff failed to allege in the complaint that his claim was served upon the Town at least 30 days prior to commence-

ment of the action. Although the letter was dated April 12, 2000, the record does not indicated when the letter was actually delivered to the Town Clerk. Even if the letter was delivered on April 12, 2000, the complaint was filed on May 12, 2000, a day short of the requisite 30-day period alloted to the Town to investigate and adjust the plaintiff's claim (see General Construction Law § 20). The complaint must be dismissed based on the plaintiff's failure to comply with the condition precedent in General Municipal Law § 50-i (see *Davidson v Bronx Mun. Hosp., supra*).

However, as we have concluded, contrary to the Supreme Court, that the plaintiff served a timely notice of claim, we modify the judgment by including a provision that the dismissal is without prejudice to recommencement of the action. We also take this opportunity to suggest strongly that an amicable solution to this dispute be reached with dispatch as it is apparent that more resources are being spent on litigation than are justified by the value of the Jeep or the storage charges sought by the Town.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Luciano, J.P., Schmidt and Adams, JJ., concur.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by adding to the first decretal paragraph the phrase "without prejudice to commencement of a new action"; as so modified, the judgment is affirmed, without costs or disbursements.