◼ JACOB GRUBER et al., Respondents v ERIE COUNTY WATER AUTHORITY, Appellant. [896 NYS2d 786]—

Appeal from an order of the Erie County Court (Michael L. D'Amico, J.), entered November 6, 2008 in a small claims action. The order modified a judgment of Buffalo City Court (John J. Gruber, J.), entered November 6, 2008.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order that modified a judgment of City Court in this small claims action by awarding plaintiffs additional damages for payments made on excess water bills during the period of February 2005 to May 2006. We reject defendant's contention that plaintiffs failed to serve a timely notice of claim pursuant to General Municipal Law § 50-e. The claim accrued when the water meter was replaced by defendant on February 11, 2005. On March 29, 2005 plaintiffs mailed a letter to defendant, sworn to by plaintiff Jacob Gruber (*see* § 50-e [2]), and it is undisputed that the letter was received by defendant on March 30, 2005. That letter

set forth the essential elements of a notice of claim (*see id.*; Public Authorities Law § 1067). Defendant neither returned that letter nor objected to the service of it, and we thus conclude that defendant waived any defect in the service thereof (*see* General Municipal Law § 50-e [3] [c]).

Defendant further contends that the action is time-barred because it was not commenced within the limitations period of one year and 90 days pursuant to General Municipal Law § 50-i (1) (c). We reject that contention. Inasmuch as defendant is a public authority and not "a city, county, town, village, fire district or school district," the provisions of section 50-i (1) (c) do not apply here. Although the Public Authorities Law sets forth specific limitations periods for many other public authorities (*see* § 1342 [2]), section 1067 fails to do so with respect to defendant. We thus conclude that the three-year limitations period pursuant to CPLR 214 (2) applies and that this action, commenced within two years and five months from the date it accrued, was timely.

We further conclude that, pursuant to the "substantial justice" standard of review applicable to small claims actions (*see* UCCA 1804), County Court properly determined that defendant's negligence in replacing the water meter was the proximate cause of plaintiffs' damages (*see generally Bierman v Consolidated Edison Co. of N.Y.*, 66 Misc 2d 237 [1970]). Finally, contrary to defendant's contention, the payments made by plaintiffs pursuant to the parties' delinquent account payment agreement may be recovered inasmuch as plaintiffs executed that agreement when they were under duress based on defendant's conduct in shutting off the water supply to their home (*see generally Adrico Realty Corp. v City of New York*, 250 NY 29, 33-34 [1928]). Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.