■ ROSEMARIE A. HERMAN et al., Appellants-Respondents, v 36 GRAMERCY PARK REALTY ASSOCIATES, LLC, et al., Respondents-Appellants, and J. MAURICE HERMAN, Intervenor-Respondent-Appellant, et al., Defendants. [14 NYS3d 691]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 3, 2014, which granted defendants' motion to dismiss the cause of action for conspiracy as untimely and to dismiss the cause of action for replevin as insufficiently stated, and denied that part of the motion that sought to dismiss the causes of action to quiet title and for ejectment, unanimously modified, on the law, to deny the motion with respect to the cause of action for conspiracy insofar as it is based on the primary torts alleged against Michael Offit and with respect to the cause of action for replevin insofar as it seeks recovery of membership interests in certain limited liability companies, and otherwise affirmed, without costs.

Because the underlying fraud, constructive fraud and breach of fiduciary duty claims against Michael Offit in his capacity as trustee, brought in a related action, had not accrued until his resignation as trustee less than six years before this action was commenced (*see Matter of Barabash*, 31 NY2d 76, 81 [1972]), the conspiracy cause of action that depended on those claims was timely. However, the cause of action insofar as it was based on the alleged primary wrongdoing by the intervenor was untimely, as the cause of action did not relate back to the commencement of the related 2011 action, which could have contained the instant allegations against defendants (*see Buran v Coupal*, 87 NY2d 173 [1995]). Contrary to defendants' contention, the alleged acts in furtherance of the conspiracy were sufficient to support the cause of action.

The failure to include limited liability membership interests in the General Construction Law § 15 list of "chattel" subject to replevin is not dispositive, given that the statutory list is by its terms not intended to be exclusive, and it predates by many years the 1994 enactment of the Limited Liability Company Law. We find this claim timely (*see* CPLR 214 [3]; *Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311, 317-318 [1991]). However, replevin of the proceeds of the sales of condominium units does not lie, as the proceeds are not identifiable (*cf. Boyle v Kelley*, 42 NY2d 88 [1977]).

We reject defendants' contention that plaintiff ratified the allegedly void deed that purportedly conveyed her beneficial interest in light of numerous issues of fact as to her knowledge of the conveyance; while a filed deed is a matter of public record, plaintiff, unlike defendants, was not a party to any transaction that would have alerted her to the need to examine such records. Based on the 2002 contract provision stating that defendants had been provided the documents they requested in connection with the challenged 2002 contract, and their knowledge that a 1998 transaction mentioned in that contract involved property held by a trust, there is an issue of fact as to whether they were on notice of any unauthorized transfer by a trustee, and, as a result, whether they were bona fide purchasers of the properties pursuant to the 2002 contract.

We have considered the parties' and the intervenor's other contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ. █