■ ROSEMARIE A. HERMAN et al., Appellants, v ATMAS CORP. et al., Defendants, and POUND WEST TRADING CORP. et al., Respondents. [18 NYS3d 854]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendants Savastano, Kaufman and Company LLC and Kenneth Kaufman's motion to dismiss the cause of action for conspiracy as against them, unanimously reversed, on the law, without costs, and the motion denied.

The conspiracy cause of action against the Kaufman defendants is not time-barred. In *Herman v 36 Gramercy Park Realty Assoc., LLC* (131 AD3d 422 [1st Dept 2015]), a related action, we reinstated a cause of action for conspiracy based on fraud, constructive fraud and breach of fiduciary duty claims against Michael Offit in his capacity as trustee, brought in a related

action commenced in 2011, because the tort claims had not accrued until Offit resigned as trustee less than six years before the action against 36 Gramercy Park was commenced. That determination applies as well to the conspiracy cause of action as against the Kaufman defendants, who were plaintiff Rosemarie Herman's accountants and are alleged to have known that certain transactions were fraudulent and to have actively assisted Offit and others in concealing them from plaintiff (*see Kenney v City of New York*, 74 AD3d 630 [1st Dept 2010]).

In view of the foregoing, the doctrine of equitable estoppel is inapplicable (*see Zumpano v Quinn*, 6 NY3d 666, 674 [2006]). Concur—Mazzarelli, J.P., Renwick, Saxe and Moskowitz, JJ.