Enrique A. Garrido, Jr., Appellant,
against
Village Water Department and Village of Rhinebeck, Respondents.




Enrique A. Garrido, Jr., appellant pro se.
Drake Loeb, PLLC (Judith A. Waye of counsel), for respondents.

Appeal from an order of the City Court of Poughkeepsie, Dutchess County (Thomas J. O'Neill, J.), entered May 8, 2017. The order granted defendants' motion to dismiss the action.




ORDERED that the order is reversed, without costs, and defendants' motion to dismiss the action is denied.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, representing the costs he incurred to repair a water leak which, he claims, should have been repaired by defendants at no cost to him. Defendants moved to dismiss the action on the ground that the City Court lacked jurisdiction, as a determination in this matter must be predicated upon the court issuing a declaratory judgment concerning whether defendants had improperly imposed their rules and regulations upon plaintiff. In addition, defendants argued that, to the extent that plaintiff's claim sounded in tort, plaintiff had failed to timely file a notice of claim pursuant to General Municipal Law § 50-e. In opposition to the motion, plaintiff asserted that he had personally delivered a letter dated November 15, 2016 to the "Superintendent of Public Works & Code Enforcement" for the Village of Rhinebeck within 90 days after the incident. The City Court granted defendants' motion on the ground that plaintiff had failed to serve a notice of claim upon defendants and did not pass upon the jurisdictional issue. 
At the outset, we note that the fact that the City Court may have to make a finding as to [*2]whether defendants had properly imposed their rules and regulations upon plaintiff does not divest the Small Claims Part of the City Court of jurisdiction over the action, since the action is for the recovery of money only (see UCCA 1801; Haber v Sagaria, 2002 NY Slip Op 40203[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]; Mohar Realty Co. v Smith, 46 Misc 2d 849 [App Term, 2d Dept, 2d & 11th Jud Dists 1965]).
General Municipal Law § 50-e requires that a plaintiff asserting a tort claim against a municipality serve a notice of claim upon the municipality within 90 days after the claim arises, as a condition precedent to bringing an action against the municipality (see Campbell v City of New York, 4 NY3d 200, 204 [2005]; O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). Even assuming, without deciding, that plaintiff's small claims action is based on a tort claim requiring the service of a notice of claim pursuant to General Municipal Law § 50-i, we agree with plaintiff's contention that his letter dated November 15, 2016 qualifies as one. The letter explicitly stated the nature of the claim, the time and place where it had occurred, the manner in which the claim had arisen and the damages sustained by plaintiff (see General Municipal Law § 50-e [2]). While the letter was not in the proper form, since it was not "sworn to," this defect may be disregarded by the court, as there has been no showing of prejudice to defendants (see Smith v Scott, 294 AD2d 11, 20 [2002]). Moreover, plaintiff asserted that he had personally delivered the November 15, 2016 letter to the "Superintendent of Public Works & Code Enforcement" for the Village of Rhinebeck within 90 days after the incident. Consequently, we find no basis to dismiss the action based on a failure to serve a notice of claim.
Accordingly, the order is reversed and defendants' motion to dismiss the action is denied.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018