Watts v Jamaica Hosp. Med. Ctr. (2023 NY Slip Op 06276)

Watts v Jamaica Hosp. Med. Ctr.

2023 NY Slip Op 06276

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-08108
 (Index No. 707050/18)

[*1]Rashawn Watts, etc., appellant,
v
Jamaica Hospital Medical Center, defendants, City of New York, et al., respondents.

Rhonda Hill Wilson, New York, NY (Michael Dachs of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and D. Alan Rosinus, Jr., of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered October 18, 2021. The order granted the motion of the defendants City of New York, City of New York Fire Department, and City of New York Emergency Medical Services pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them and denied the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the motion of the defendants City of New York, City of New York Fire Department, and City of New York Emergency Medical Services which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging wrongful death insofar as asserted against those defendants, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim, and substituting therefor a provision granting the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
In April and May 2016, Ray Watts (hereinafter the decedent) allegedly received medical treatment and emergency medical services from the defendants City of New York, City of New York Fire Department, and City of New York Emergency Medical Services (hereinafter collectively the City defendants). On May 12, 2016, the decedent died at Queens Hospital Center. On July 27, 2016, the plaintiff was appointed as the administrator of the decedent's estate.
In April 2017, the plaintiff commenced the instant action against, among others, the City defendants. In an amended complaint, the plaintiff asserted causes of action to recover damages for medical malpractice, wrongful death, and the intentional infliction of emotional distress against the City defendants, among others. The City defendants subsequently moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, arguing that the plaintiff failed to file a notice of claim in compliance with the General Municipal Law. The plaintiff opposed the motion and cross-moved pursuant to General Municipal Law § 50-e(6) for leave to [*2]amend the notice of claim. In an order entered October 18, 2021, the Supreme Court granted the City defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the City of New York" (Chtchannikova v City of New York, 138 AD3d 908, 909; see General Municipal Law §§ 50-e[1][a]; 50-i[1][a]; see Watts v City of New York, 186 AD3d 1574, 1575). However, "with respect to a wrongful death cause of action, the 90 days runs from the appointment of a representative of the decedent's estate" (Watts v City of New York, 186 AD3d at 1575; see General Municipal Law § 50-e[1][a]). The statute provides that the notice shall be served "by delivering a copy thereof personally, or by registered or certified mail, to the person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation or, in a city with a population of over one million, by electronic means in a form and manner prescribed by such city" (General Municipal Law § 50-e[3][a]). "General Municipal Law § 50-e(3)(c) provides that, if a notice is timely served, but in a manner not in compliance with the statute, the service shall be valid if the notice is actually received by a proper person within the time specified in the statute and the public corporation fails to return the notice, specifying the defect in the manner of service, within 30 days after the notice is received" (Smith v Scott, 294 AD2d 11, 19).
Here, with respect to the causes of action to recover damages for medical malpractice and the intentional infliction of emotional distress insofar as asserted against the City defendants, the plaintiff was required to serve a notice of claim, at the latest, on or before August 10, 2016, 90 days from the date of the decedent's death (see General Municipal Law § 50-e[1][a]). While the plaintiff alleges that he attempted to timely serve a notice of claim on August 7, 2016, there is nothing in the record to support that allegation. In any event, the City defendants demonstrated that they received a notice of claim by ordinary mail on August 17, 2016, and rejected and returned that notice of claim to the plaintiff on September 2, 2016, on the ground of improper service under General Municipal Law § 50-e (cf. Gruber v Erie County Water Auth., 71 AD3d 1572, 1573). Accordingly, the City defendants demonstrated as a matter of law that the plaintiff failed to timely serve a notice of claim with respect to the causes of action to recover damages for medical malpractice and the intentional infliction of emotional distress.
"As a matter of law, a court only has the discretionary authority to allow the filing of a late notice of claim within the statute of limitations period, unless the limitations period has been tolled" (Watts v City of New York, 186 AD3d at 1575-1576). Here, even if the plaintiff's cross-motion could be construed as one for leave to serve a late notice of claim, "the Supreme Court would have had no authority to grant leave to serve a late notice of claim as the application would have been made after the expiration of the statute of limitations" (Feliciano v New York City Hous. Auth., 123 AD3d 876, 877). Accordingly, the court properly granted those branches of the City defendants' motion which were to dismiss the causes of action to recover damages for medical malpractice and the intentional infliction of emotional distress insofar as asserted against them.
The plaintiff also alleges that he served a second notice of claim by personal delivery on August 11, 2016. Contrary to the City defendants' contention, a significant dispute exists as to whether the second notice of claim was timely and properly served insofar as it relates to the cause of action alleging wrongful death (see Gruber v Erie County Water Auth., 71 AD3d at 1573). Accordingly, the Supreme Court erred in granting that branch of the City defendants' motion which was to dismiss the cause of action alleging wrongful death insofar as asserted against them.
"Where there is no showing of prejudice to a municipality, the fact that a notice of claim was not verified by a claimant may be disregarded" (Hone v City of Oneonta, 157 AD3d 1030, 1031). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim to add a verification from the plaintiff's attorney that the plaintiff lives in a different county than the attorney, as the City defendants failed to demonstrate that they would be prejudiced by the amendment (see General Municipal Law § 50-e[2]; Matter of Figgs v County of Suffolk, 54 AD3d [*3]671, 672).
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court